P. GERHARDT ZACHER (SBN: 043184)
MORDECAI D. BOONE (SBN: 196811)
CARRIE A. LUBINSKI (SBN: 174006)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
3M COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EASLEY and MARY EASLEY as the surviving parents and lawful heirs of KASEY JO EASLEY, deceased; The Estate of KASEY JO EASLEY, through Decedent's Administrator, JOSEPH EASLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>3M COMPANY; WALMART STORES, INC.; MICHAEL DOMINGOS; CHRISTOPHER BOGGS, MATTHEW YORK and DOES 1 through 100,<br><br>Defendants. | CASE NO. C 07-03507 PVT<br><br>**ANSWER BY 3M COMPANY TO PLAINTIFFS' COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**<br><br>Complaint filed:       May 31, 2007<br>Notice of Removal filed:   July 5, 2007 |

Now comes Defendant 3M Company ("3M" or "Defendant") and for its Answer to Plaintiffs' Complaint For Damages ("Complaint") states as follows:

## INTRODUCTION

1. In answer to paragraph 1 of the Complaint, Defendant admits that it distributes and sells 3M Dust Remover. 3M denies the remaining allegations in paragraph 1.

2. In answer to paragraph 2, Defendant denies each allegation directed towards 3M. 3M does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

3. In answer to paragraph 3 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

4. In answer to paragraph 4 of the Complaint, Defendant denies each and every allegation contained therein.

5. In answer to paragraph 5 of the Complaint, Defendant denies that it or Wal-Mart Stores, Inc., committed any wrongful acts or acted with conscious indifference causing the death of Kasey Easley. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

## PARTIES

6. In answer to paragraph 6 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

7. In answer to paragraph 7 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

8. In answer to paragraph 8 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

\\\

9. In answer to paragraph 9 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

10. In answer to paragraph 10 of the Complaint, Defendant admits that it is a Delaware corporation with its principal place of business in Minnesota. Defendant denies that it is, and at all times herein mentioned was, an association, partnership, joint venture or sole proprietorship. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

11. In answer to paragraph 11 of the Complaint, Defendant admits the allegations in the first two sentences of paragraph 11. Defendant further admits that it distributed and sold the product known as 3M Dust Remover. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

12. In answer to paragraph 12 of the Complaint, Defendant is informed and believes that Wal-Mart Stores, Inc., is, and at all times herein mentioned was, a Delaware corporation with its principal place of business in Arkansas. Defendant is also informed and believes that Wal-Mart Stores, Inc., is, and at all times herein mentioned was, not an association, partnership, joint venture or sole proprietorship. Defendant is also informed and believes that Wal-Mart Stores, Inc., does business in the State of California.

13. In answer to paragraph 13 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

14. In answer to paragraph 14 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

15. In answer to paragraph 15 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

ANSWER BY 3M COMPANY TO PLAINTIFFS' COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Case No.: C 07-03507 PVT

16. In answer to paragraph 16 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

17. In answer to paragraph 17 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

18. In answer to paragraph 18 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

## JURISDICTION AND VENUE

19. In answer to paragraph 19 of the Complaint, Defendant denies that it is subject to the jurisdiction of the Superior Court of the State of California in and for the County of Monterey, and has filed a Notice of Removal (Diversity) requesting that this case be removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

20. In answer to paragraph 20 of the Complaint, Defendant denies that it is subject to the jurisdiction of the Superior Court of the State of California in and for the County of Monterey, and has filed a Notice of Removal (Diversity) requesting that this case be removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

21. In answer to paragraph 21 of the Complaint, Defendant denies that it is subject to the jurisdiction of the Superior Court of the State of California in and for the County of Monterey, and has filed a Notice of Removal (Diversity) requesting that this case be removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

22. In answer to paragraph 22 of the Complaint, Defendant believes that the amount in controversy exceeds the jurisdictional minimum of the Superior Court of the State of California in and for the County of Monterey. However, Defendant has filed a Notice of Removal (Diversity) requesting that this case be removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment.

## AGENCY, AIDING, AND ABETTING

23. In answer to paragraph 23 of the Complaint, Defendant denies each and every allegation therein.

24. In answer to paragraph 24 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

25. In answer to paragraph 25 of the Complaint, and with respect to 3M, Defendant denies the allegations. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

\\\
\\\

26. In answer to paragraph 26 of the Complaint, and with respect to 3M, Defendant denies the allegations. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

27. In answer to paragraph 27 of the Complaint, and with respect to 3M, Defendant denies the allegations. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

28. In answer to paragraph 28 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

29. In answer to paragraph 29 of the Complaint, Defendant admits that its product, 3M Dust Remover was sold in the State of California. Defendant denies the remaining allegations therein.

30. In answer to paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

## GENERAL ALLEGATIONS

31. In answer to paragraph 31 of the Complaint, Defendant admits that difluoroethane is a chemical compound that is used as an aerosol propellant. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

32. In answer to paragraph 32 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

33. In answer to paragraph 33 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

34. In answer to paragraph 34 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

35. In answer to paragraph 35 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

36. In answer to paragraph 36 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

37. In answer to paragraph 37 of the Complaint, Defendant denies that 3M Dust Remover was "flying off the shelves" because it did not contain a bittering agent. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

38. In answer to paragraph 38 of the Complaint, Defendant admits that the California Legislature has outlawed the use of inhalants by enactment of California Health and Safety Code section 11999.1(d). Defendants denies that this code section is limited to minors, but admits that this code section applies to all persons. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

39. In answer to paragraph 39 of the Complaint, Defendant admits that Penal Code section 380(a) exists. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

40. In answer to paragraph 40 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

41. In answer to paragraph 41 of the Complaint, Defendant states that the referenced video speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

42. In answer to paragraph 42 of the Complaint, Defendant states that the referenced article speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

43. In answer to paragraph 43 of the Complaint, Defendant states that the referenced news report speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

44. In answer to paragraph 44 of the Complaint, Defendant states the referenced publication speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

45. In answer to paragraph 45 of the Complaint, Defendant states the referenced press conference speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

46. In answer to paragraph 46 of the Complaint, Defendant states the referenced news report speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

47. In answer to paragraph 47 of the Complaint, Defendant states the referenced news report speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

48. In answer to paragraph 48 of the Complaint, Defendant states the referenced report speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

49. In answer to paragraph 49 of the Complaint, Defendant states the referenced bulletin speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

50. In answer to paragraph 50 of the Complaint, Defendant states the referenced news report speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

///

51. In answer to paragraph 51 of the Complaint, Defendant states the referenced MSDS speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

52. In answer to paragraph 52 of the Complaint, Defendant states the referenced news report speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

53. In answer to paragraph 53 of the Complaint, Defendant states the referenced announcement speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

54. In answer to paragraph 54 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

55. In answer to paragraph 55 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

56. In answer to paragraph 56 of the Complaint, Defendant states the referenced news report speaks for itself. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

57. In answer to paragraph 57 of the Complaint, Defendant admits that it added a bittering agent to its 3M Dust Remover in February of 2007. Defendant denies each and every remaining allegation therein.

58. In answer to paragraph 58 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

59. In answer to paragraph 59 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

60. In answer to paragraph 60 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

61. In answer to paragraph 61 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

62. In answer to paragraph 62 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

63. In answer to paragraph 63 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

## FIRST CAUSE OF ACTION
### (Strict Liability Design Defect)

64. In answer to paragraph 64 of the Complaint, Defendant hereby incorporates by reference all it answers above as if fully set forth in detail.

65. In answer to paragraph 65 of the Complaint, Defendant admits it sold and distributed 3M Dust Remover in the State of California. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

66. In answer to paragraph 66 of the Complaint, Defendant denies each and every allegation therein.

67. In answer to paragraph 67 of the Complaint, Defendant denies each and every allegation therein.

68. In answer to paragraph 68 of the Complaint, and with respect to 3M, Defendant denies each and every allegation contained therein. With respect to any other defendant, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

69. In answer to paragraph 69 of the Complaint, and with respect to 3M, Defendant denies each and every allegation contained therein. With respect to any other defendant, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

70. In answer to paragraph 70 of the Complaint, Defendant denies each and every allegation therein.

71. In answer to paragraph 71 of the Complaint, Defendant denies each and every allegation therein.

72. In answer to paragraph 72 of the Complaint, Defendant denies each and every allegation therein.

73. In answer to paragraph 73 of the Complaint, Defendant denies that its actions or omissions caused the wrongful death of Kasey Easley. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

## SECOND CAUSE OF ACTION
### (Strict Liability Failure To Warn)

74. In answer to paragraph 74 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

75. In answer to paragraph 75 of the Complaint, Defendant admits that it distributed and sold 3M Dust Remover in the State of California. With respect to any other defendant, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

76. In answer to paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

77. In answer to paragraph 77 of the Complaint, Defendant denies each and every allegation contained therein.

78. In answer to paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

79. In answer to paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80. In answer to paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81. In answer to paragraph 81 of the Complaint, Defendant denies each and every allegation contained therein.

82. In answer to paragraph 82 of the Complaint, Defendant denies each and every allegation contained therein.

### THIRD CAUSE OF ACTION
### (Negligence Against 3M Company and Wal-Mart Stores, Inc.)

83. In answer to paragraph 83 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

84. In answer to paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

85. In answer to paragraph 85 of the Complaint, Defendant denies each and every allegation contained therein.

86. In answer to paragraph 86 of the Complaint, Defendant denies each and every allegation contained therein.

### FOURTH CAUSE OF ACTION
### (Negligence Against Domingos, Boggs, and York)

87. In answer to paragraph 87 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

88. In answer to paragraph 88 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

89. In answer to paragraph 89 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

90. In answer to paragraph 90 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

91. In answer to paragraph 91 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

92. In answer to paragraph 92 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

93. In answer to paragraph 93 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

### FIFTH CAUSE OF ACTION
**(Survival Cause of Action and Request for Punitive Damages)**

94. In answer to paragraph 94 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

95. In answer to paragraph 95 of the Complaint, Defendant denies that on or about November 23 through November 25, 2006, and prior to her death, that any foregoing cause of action arose in Kasey Jo Easley's favor. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

\\\

96. In answer to paragraph 96 of the Complaint, Defendant denies that property or economic losses occurred as a direct and legal result of any act or omission on the part of this Defendant. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

97. In answer to paragraph 97 of the Complaint, Defendant denies the allegations contained therein. With respect to other defendants, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

98. In answer to paragraph 98 of the Complaint, Defendant denies the allegations contained therein.

99. In answer to paragraph 99 of the Complaint, Defendant denies the allegations contained therein.

100. In answer to paragraph 100 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

101. In answer to paragraph 101 of the Complaint, Defendant denies the allegations contained therein as alleged toward 3M. With respect to other defendants, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

## AFFIRMATIVE DEFENSES

3M alleges the following separate affirmative defenses:

### I.

102. 3M alleges on information and belief that Plaintiffs are barred from recovery against 3M because there is no causal connection between any conduct of 3M and any alleged loss or damage that Plaintiffs contend they sustained.

### II.

103. Plaintiffs are barred from recovery because 3M owed no duty to Plaintiffs.

**III.**

104.  3M alleges on information and belief that the Complaint is barred in whole or in part by the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure sections 335.1, 338, 340.8 and 343.

**IV.**

105.  3M alleges on information and belief that by the decedent's and their acts and conduct, Plaintiffs have waived the claims asserted against 3M.

**V.**

106.  3M alleges on information and belief that Plaintiffs' and decedent's conduct and activity has been such that their claims against 3M are barred by estoppel.

**VI.**

107.  3M alleges on information and belief that Plaintiffs inexcusably and unreasonably delayed bringing the Complaint, to 3M's prejudice, so Plaintiffs' action is barred by laches.

**VII.**

108.  Plaintiffs are barred from any recovery because they failed to mitigate alleged damages.

**VIII.**

109.  Plaintiffs' alleged damages are speculative and thus not compensable.

**IX.**

110.  3M alleges on information and belief that Plaintiffs are barred from recovery against 3M because decedent and Plaintiffs knew or in the exercise of ordinary care should have known of the risks and hazards involved regarding the occurrences that are the subject of their action, but nevertheless and with full knowledge, did fully and voluntarily consent to assume such risks and hazards.

**X.**

111.  Although 3M expressly denies Plaintiffs suffered any loss or damage, 3M alleges on information and belief that any claimed loss or damage was the sole, proximate or legal result of the acts or conduct of Plaintiffs' decedent or other entities or individuals for which 3M is not

responsible. Consequently, any recovery by Plaintiffs must be apportioned among all parties responsible, according to their comparative fault.

### XI.

112. 3M alleges on information and belief that all or part of the damages, injuries and/or losses Plaintiffs allege were caused by acts and omissions of other persons and/or entities that intervened between 3M's alleged acts and omissions; Plaintiffs are thereby barred from recovery against 3M. Alternatively, any damages Plaintiffs to which may be found to be entitled against 3M must be reduced to the extent the damages are attributable to the intervening acts and/or omissions of persons and/or entities other than 3M.

### XII.

113. 3M alleges on information and belief that the product Plaintiffs contend Kasey Easley used was not used in the manner in which it was intended and/or it was intentionally used in disregard of instructions and directions regarding its use, and in an improper manner that was not reasonably foreseeable to 3M. This misuse and intentional abuse proximately caused or contributed to Plaintiffs' alleged damages, injuries and losses.

### XIII.

114. Plaintiffs are barred from recovery because any 3M product that is the subject of this lawsuit was formulated, manufactured, marketed and provided with appropriate information pursuant to the scientific and medical state of the art, applicable law and generally recognized and prevailing standards in existence at the time.

### XIV.

115. 3M states on information and belief that the losses and damages Plaintiffs allege were sustained as a direct and proximate result of unforeseeable, superseding and/or intervening causes, for which 3M is neither responsible nor liable.

### XV.

116. 3M Dust Remover was, at all relevant times, safe for normal usage in the manner for which it was intended, the benefits of its design outweighed any foreseeable risks, and the product was not defective.

**XVI.**

117. Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

**XVII.**

118. An award of punitive damages under California law that is not subject to a pre-determined limit would violate 3M's due process rights and the excessive fines provisions of the United States Constitution and the Constitution of the State of California.

**XVIII.**

119. An award of punitive damages under California law without sufficient standards of clarity for determining the appropriateness of an amount of punitive damages, without adequate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, without express prohibitions from awarding punitive damages or determining the amount of a punitive damage award on the basis of invidious discriminatory characteristics, including the residence and wealth of 3M, without standards which sufficiently define the conduct or mental state that make punitive damages permissible, and without trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard, would violate 3M's due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California.

**XIX.**

120. An award of punitive damages under California law would violate the United States Constitution, including but not limited to, the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment to the United States Constitution.

**XX.**

121. The Complaint fails to state facts sufficient to constitute any cause of action against 3M.

\\\

\\\

### XXI.

122. The Complaint, and each and every purported cause of action asserted against 3M, is barred, in whole or in part, because at all times relevant hereto, to the extent required, 3M provided adequate warnings.

### XXII.

123. The Complaint is barred, in whole or in part, by operation of the doctrine of consent.

### XXIII.

124. The Complaint is barred, in whole or in part, because the alleged conduct of the Plaintiffs' decedent was unlawful and this action is against public policy.

### XXIV.

125. The Complaint is barred, in whole or in part, because the alleged conduct of the Plaintiffs' decedent was *in pari delicto* with Domingos, Boggs and York.

### XXV.

126. Plaintiffs are not entitled to recovery because Plaintiffs' decedent ratified and/or waived the alleged actions of Defendants.

### XXVI.

127. 3M presently has insufficient knowledge or information on which to form a belief as to whether 3M may have additional affirmative defenses. 3M therefore reserves the right to assert additional affirmative defenses should discovery indicate such defenses are appropriate.

WHEREFORE, 3M prays:

1. That Plaintiffs take nothing by way of the Complaint;
2. For judgment in favor of 3M;
3. For costs incurred in this action; and
4. For such other relief as the court deems appropriate.

\\\
\\\
\\\

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), 3M hereby demands a trial by jury as to all issues in this action.

Dated: July 10, 2007

GORDON & REES LLP

By: _____
P. Gerhardt Zacher
Mordecai D. Boone
Carrie A. Lubinski
Attorneys for Defendant 3M COMPANY