ROBERT K. PHILLIPS (SBN: 135088)
ERIN J. ILLMAN (SBN: 238262)
PHILLIPS, SPALLAS & ANGSTADT LLP
650 California, 10th Floor
San Francisco, CA 94108
Phone: (415) 278-9400
Fax: (415) 278-9411

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EASLEY and MARY EASLEY as the surviving parents and lawful heirs of KASEY JO EASLEY, deceased; The Estate of KASEY JO EASLEY, through Decedent's Administrator, JOSEPH EASLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>3M COMPANY; WALMART STORES, INC.; MICHAEL DOMINGOS; CHRISTOPHER BOGGS, MATTHEW YORK and DOES 1 through 100,<br><br>Defendants. | CASE NO. C 07-03507 PVT<br><br>**ANSWER BY WAL-MART STORES, INC., TO PLAINTIFFS' COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**<br><br>Complaint filed:    May 31, 2007<br>Notice of Removal filed:    July 5, 2007 |

Now comes Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") and for its Answer to Plaintiffs' Complaint For Damages ("Complaint") states as follows:

## INTRODUCTION

1. In answer to paragraph 1 of the Complaint, upon information and belief Defendant admits that 3M Company sold the product known as 3M Dust Remover. Wal-Mart does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

2. In answer to paragraph 2, Defendant denies each allegation directed towards Wal-Mart. Wal-Mart does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

3. In answer to paragraph 3 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

4. In answer to paragraph 4 of the Complaint, Defendant denies each and every allegation contained therein.

5. In answer to paragraph 5 of the Complaint, Defendant denies that it committed any wrongful acts or acted with conscious indifference to cause the death of Kasey Easley. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

## PARTIES

6. In answer to paragraph 6 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

7. In answer to paragraph 7 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

\\\
\\\

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

8. In answer to paragraph 8 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

9. In answer to paragraph 9 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

10. In answer to paragraph 10 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

11. In answer to paragraph 11 of the Complaint, upon information and belief Defendant admits that 3M Company sold the product known as 3M Dust Remover. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

12. In answer to paragraph 12 of the Complaint, Defendant admits that it is, and at all times herein mentioned was, a Delaware corporation with its principal place of business in Arkansas and that it is doing business in California, County of Monterey. Defendant denies the remaining allegations contained therein.

13. In answer to paragraph 13 of the Complaint, Defendant admits that it sold 3M Dust Remover. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

14. In answer to paragraph 14 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

15. In answer to paragraph 15 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

\\\

\\\

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

16. In answer to paragraph 16 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

17. In answer to paragraph 17 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

18. In answer to paragraph 18 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis denies each and every allegation therein.

## JURISDICTION AND VENUE

19. In answer to paragraph 19 of the Complaint, Defendant denies that it is subject to this Court's jurisdiction and has filed a Notice of Removal (Diversity) requesting that this case be removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

20. In answer to paragraph 20 of the Complaint, Defendant denies that it is subject to this Court's jurisdiction and has filed Notice of Removal (Diversity) requesting that this case be removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

21. In answer to paragraph 21 of the Complaint, Defendant denies that it is subject to this Court's jurisdiction and has filed Notice of Removal (Diversity) requesting that this case be

removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis denies each and every allegation therein.

22. In answer to paragraph 22 of the Complaint, Defendant believes that the amount in controversy exceeds the jurisdictional minimum of this Court. However, Defendant has filed a Notice of Removal (Diversity) requesting that this case be removed to the United States District Court for the Northern District of California, San Jose Division, from the Monterey County Superior Court because Defendants Domingos, Boggs, and York are fraudulently joined as Plaintiffs have no reasonable possibility of prevailing on the negligence cause of action pled against them, and thus no good-faith intent to pursue them to judgment.

### AGENCY, AIDING, AND ABETTING

23. In answer to paragraph 23 of the Complaint, Defendant denies each and every allegation therein.

24. In answer to paragraph 24 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

25. In answer to paragraph 25 of the Complaint, and with respect to Wal-Mart, Defendant denies the allegations. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

26. In answer to paragraph 26 of the Complaint, and with respect to Wal-Mart, Defendant denies the allegations. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

\\\

27. In answer to paragraph 27 of the Complaint, and with respect to Wal-Mart, Defendant denies the allegations. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

28. In answer to paragraph 28 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

29. In answer to paragraph 29 of the Complaint, Defendant admits it did business in the State of California, County of Monterey. Defendant admits that it sold 3M Dust Remover in the State of California. Defendant denies the remaining allegations therein.

30. In answer to paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

## GENERAL ALLEGATIONS

31. In answer to paragraph 31 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

32. In answer to paragraph 32 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

33. In answer to paragraph 33 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

34. In answer to paragraph 34 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

35. In answer to paragraph 35 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

36. In answer to paragraph 36 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

37. In answer to paragraph 37 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

38. In answer to paragraph 38 of the Complaint, Defendant admits that the California Legislature has outlawed the use of inhalants by enactment of California Health and Safety Code section 11999.1(d). Defendants denies that this code section is limited to minors. Defendant admits that this code section applies to all persons. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

39. In answer to paragraph 39 of the Complaint, Defendant admits that Penal Code section 380(a) exists. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

40. In answer to paragraph 40 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

41. In answer to paragraph 41 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

42. In answer to paragraph 42 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

43. In answer to paragraph 43 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

///

44. In answer to paragraph 44 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

45. In answer to paragraph 45 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

46. In answer to paragraph 46 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

47. In answer to paragraph 47 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

48. In answer to paragraph 48 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

49. In answer to paragraph 49 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

50. In answer to paragraph 50 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

51. In answer to paragraph 51 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

52. In answer to paragraph 52 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

\\

53. In answer to paragraph 53 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

54. In answer to paragraph 54 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

55. In answer to paragraph 55 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

56. In answer to paragraph 56 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

57. In answer to paragraph 57 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

58. In answer to paragraph 58 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

59. In answer to paragraph 59 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

60. In answer to paragraph 60 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

61. In answer to paragraph 61 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

\\\

62.     In answer to paragraph 62 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

63.     In answer to paragraph 63 of the Complaint, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

### FIRST CAUSE OF ACTION
### (Strict Liability Design Defect)

64.     In answer to paragraph 64 of the Complaint, Defendant hereby incorporates by reference all it answers above as if fully set forth in detail.

65.     In answer to paragraph 65 of the Complaint, Defendant admits it sold 3M Dust Remover in the State of California. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

66.     In answer to paragraph 66 of the Complaint, Defendant denies each and every allegation therein.

67.     In answer to paragraph 67 of the Complaint, Defendant denies each and every allegation therein.

68.     In answer to paragraph 68 of the Complaint, and with respect to this Defendant, Defendant denies each and every allegation contained therein. With respect to any other defendant, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

69.     In answer to paragraph 69 of the Complaint, and with respect to Wal-Mart, Defendant denies each and every allegation contained therein. With respect to any other defendant, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

70.     In answer to paragraph 70 of the Complaint, Defendant denies each and every allegation therein.

71. In answer to paragraph 71 of the Complaint, Defendant denies each and every allegation therein.

72. In answer to paragraph 72 of the Complaint, Defendant denies each and every allegation therein.

73. In answer to paragraph 73 of the Complaint, Defendant denies that its actions or omissions caused the wrongful death of Kasey Easley. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

## SECOND CAUSE OF ACTION
### (Strict Liability Failure To Warn)

74. In answer to paragraph 74 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

75. In answer to paragraph 75 of the Complaint, Defendant admits that it sold 3M Dust Remover in the State of California. With respect to any other defendant, Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

76. In answer to paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

77. In answer to paragraph 77 of the Complaint, Defendant denies each and every allegation contained therein.

78. In answer to paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

79. In answer to paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80. In answer to paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81. In answer to paragraph 81 of the Complaint, Defendant denies each and every allegation contained therein.

- 10 -
ANSWER BY WAL-MART STORES, INC., TO PLAINTIFFS' COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Case No.: C 07-03507 PVT

82. In answer to paragraph 82 of the Complaint, Defendant denies each and every allegation contained therein.

### THIRD CAUSE OF ACTION
### (Negligence Against Wal-Mart Company and Wal-Mart Stores, Inc.)

83. In answer to paragraph 83 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

84. In answer to paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

85. In answer to paragraph 85 of the Complaint, Defendant denies each and every allegation contained therein.

86. In answer to paragraph 86 of the Complaint, Defendant denies each and every allegation contained therein.

### FOURTH CAUSE OF ACTION
### (Negligence Against Domingos, Boggs, and York)

87. In answer to paragraph 87 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

88. In answer to paragraph 88 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

89. In answer to paragraph 89 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

90. In answer to paragraph 90 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

91. In answer to paragraph 91 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

92. In answer to paragraph 92 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

93. In answer to paragraph 93 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

### FIFTH CAUSE OF ACTION
(Survival Cause of Action and Request for Punitive Damages)

94. In answer to paragraph 94 of the Complaint, Defendant hereby incorporates by reference all answers above as if fully set forth in detail.

95. In answer to paragraph 95 of the Complaint, Defendant denies that on or about November 23 through November 25, 2006, and prior to her death, that any foregoing cause of action arose in Kasey Jo Easley's favor. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

96. In answer to paragraph 96 of the Complaint, Defendant denies that property or economic losses occurred as a direct and legal result of any act or omission on the part of this Defendant. Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

97. In answer to paragraph 97 of the Complaint, Defendant denies the allegations contained therein. With respect to other defendants, Defendant does not have sufficient

\\\

- 12 -

ANSWER BY WAL-MART STORES, INC., TO PLAINTIFFS' COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL
Case No.: C 07-03507 PVT

1 information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

  98. In answer to paragraph 98 of the Complaint, Defendant denies the allegations contained therein.

  99. In answer to paragraph 99 of the Complaint, Defendant denies the allegations contained therein.

  100. In answer to paragraph 100 of the Complaint, each and every allegation relates to Kasey Easley, Domingos, Boggs, and York and as such Defendant does not have sufficient information or belief to either admit or deny the allegations, and on that basis, denies each and every allegation therein.

  101. In answer to paragraph 101 of the Complaint, Defendant denies the allegations contained therein as alleged toward Wal-Mart. With respect to other defendants, Defendant does not have sufficient information or belief to either admit or deny the remaining allegations, and on that basis, denies each and every allegation therein.

## **AFFIRMATIVE DEFENSES**

Wal-Mart alleges the following separate affirmative defenses:

### I.

  102. Wal-Mart alleges on information and belief that Plaintiffs are barred from recovery against Wal-Mart because there is no causal connection between any conduct of Wal-Mart and any alleged loss or damage that Plaintiffs contend they sustained.

### II.

  103. Plaintiffs are barred from recovery because Wal-Mart owed no duty to Plaintiffs.

### III.

  104. Wal-Mart alleges on information and belief that the Complaint is barred in whole or in part by the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure sections 335.1, 338, 340.8 and 343.

\\\

\\\

**IV.**

105. Wal-Mart alleges on information and belief that by their acts and conduct, Plaintiffs have waived the claims asserted against Wal-Mart.

**V.**

106. Wal-Mart alleges on information and belief that Plaintiffs' conduct and activity has been such that their claims against Wal-Mart are barred by estoppel.

**VI.**

107. Wal-Mart alleges on information and belief that Plaintiffs inexcusably and unreasonably delayed bringing the Complaint, to Wal-Mart's prejudice, so Plaintiffs' action is barred by laches.

**VII.**

108. Plaintiffs are barred from any recovery because they failed to mitigate alleged damages.

**VIII.**

109. Plaintiffs' alleged damages are speculative and thus not compensable.

**IX.**

110. Wal-Mart alleges on information and belief that Plaintiffs are barred from recovery against Wal-Mart because they knew or in the exercise of ordinary care should have known of the risks and hazards involved regarding the occurrences that are the subject of their action, but nevertheless and with full knowledge, did fully and voluntarily consent to assume such risks and hazards.

**X.**

111. Although Wal-Mart expressly denies Plaintiffs suffered any loss or damage, Wal-Mart alleges on information and belief that any claimed loss or damage was the sole, proximate or legal result of the acts or conduct of Plaintiffs or other entities or individuals. Consequently, any recovery by Plaintiffs must be apportioned among all parties responsible, according to their comparative fault.

\\

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

## XI.

112. Wal-Mart alleges on information and belief that all or part of the damages, injuries and/or losses Plaintiffs allege were caused by acts and omissions of other persons and/or entities that intervened between Wal-Mart's alleged acts and omissions; Plaintiffs are thereby barred from recovery against Wal-Mart. Alternatively, any damages Plaintiffs to which may be found to be entitled against Wal-Mart must be reduced to the extent the damages are attributable to the intervening acts and/or omissions of persons and/or entities other than Wal-Mart.

## XII.

113. Wal-Mart alleges on information and belief that the product Plaintiffs contend Kasey Easley used was not used in the manner in which it was intended and/or it was intentionally used in disregard of instructions and directions regarding its use, and in an improper manner that was not reasonably foreseeable to Wal-Mart. This misuse and intentional abuse proximately caused or contributed to Plaintiffs' alleged damages, injuries and losses.

## XIII.

114. Wal-Mart states on information and belief that the losses and damages Plaintiffs allege were sustained as a direct and proximate result of unforeseeable, superseding and/or intervening causes, for which Wal-Mart is neither responsible nor liable.

## XIV.

115. Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations.

## XV.

116. An award of punitive damages under California law that is not subject to a pre-determined limit would violate Wal-Mart's due process rights and the excessive fines provisions of the United States Constitution and the Constitution of the State of California.

## XVI.

117. An award of punitive damages under California law without sufficient standards of clarity for determining the appropriateness of an amount of punitive damages, without adequate instructions on the limits of punitive damages imposed by the applicable principles of

- 15 -

deterrence and punishment, without express prohibitions from awarding punitive damages or determining the amount of a punitive damage award on the basis of invidious discriminatory characteristics, including the residence and wealth of Wal-Mart, without standards which sufficiently define the conduct or mental state that make punitive damages permissible, and without trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard, would violate Wal-Mart's due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California.

### XVII.

118. An award of punitive damages under California law would violate the United States Constitution, including but not limited to, the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment to the United States Constitution.

### XVIII.

119. Plaintiff's Complaint fails to allege that Wal-Mart acted with malice, fraud, oppression or any other conduct sufficient to warrant punitive damages.

### XIX.

120. The Complaint fails to state facts sufficient to constitute any cause of action against Wal-Mart.

### XX.

121. The Complaint, and each and every purported cause of action asserted against Wal-Mart, is barred, in whole or in part, because at all times relevant hereto, to the extent required, 3M Company provided adequate warnings.

### XXI.

122. The Complaint is barred, in whole or in part, by operation of the doctrine of consent.

### XXII.

123. The Complaint is barred, in whole or in part, because the alleged conduct of the Plaintiffs' decedent was unlawful.

### XXIII.

124. The Complaint is barred, in whole or in part, because the alleged conduct of the Plaintiffs' decedent was *in pari delicto* with Domingos, Boggs and York.

### XXIV.

125. Plaintiffs are not entitled to recovery because Plaintiffs' decedent ratified and/or waived the alleged actions of Defendants.

### XXV.

126. Wal-Mart did not change, modify or repackage the subject product.

### XXVI.

126. Wal-Mart presently has insufficient knowledge or information on which to form a belief as to whether Wal-Mart may have additional affirmative defenses. Wal-Mart therefore reserves the right to assert additional affirmative defenses should discovery indicate such defenses are appropriate.

WHEREFORE, Wal-Mart Stores, Inc., prays:

1. That Plaintiffs take nothing by way of the Complaint;
2. For judgment in favor of Wal-Mart Stores, Inc.;
3. For costs incurred in this action; and
4. For such other relief as the court deems appropriate.

### **JURY TRIAL DEMAND**

Pursuant to Federal Rules of Civil Procedure 38(b), Wal-Mart Stores, Inc., hereby demands a trial by jury as to all issues in this action.

Dated: July 10, 2007                                          PHILLIPS, SPALLAS & ANGSTADT LLP

By: _____
Robert K. Phillips
Erin J. Illman
Attorneys for Defendant WAL-MART STORES, INC.