1  FRANK M. PITRE (#100077)
   Fpitre@cpmlegal.com
2  NIKI B. OKCU (#229345)
   Nokcu@cpmlegal.com
3  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
6
   ALAN F. HUNTER (#099805)
7  Hunter@gclitigation.com
   **GAVIN & CUNNINGHAM**
8  1530 The Alameda, Suite 210
   San Jose, California 95126
9  Telephone: (408) 294-8500
   Facsimile: (408) 294-8596
10

11 *Attorneys for Plaintiffs Joseph Easley and Mary Easley*

12

13               **UNITED STATES DISTRICT COURT**

14               **NORTHERN DISTRICT OF CALIFORNIA**

15                     **SAN JOSE DIVISION**

16

17 | JOSEPH EASLEY and MARY EASLEY as the surviving parents and lawful heirs of KASEY JO EASLEY, deceased; The Estate of KASEY JO EASLEY, through Decedent's Administrator, JOSEPH EASLEY | CASE NO. C 07-03507 JF |
   |---|---|
   | | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
   | Plaintiffs, | |
   | v. | Date:      September 21, 2007 |
   | | Time:      9:00 a.m. |
   | 3M COMPANY; WALMART STORES, INC.; MICHAEL DOMINGOS; CHRISTOPHER BOGGS, MATTHEW YORK and DOES 1 through 100, | Courtroom: 3 |
   | | Honorable Jeremy Fogel |
   | Defendants. | |

28

---

NOTICE OF MOTION FOR REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. C 07-03507 JF

# TABLE OF CONTENTS

**PAGE NO.**

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    ALLEGATIONS IN THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . 2

    III.   LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          A.    The Federal Removal Statutes Are Strictly Construed Against Federal Jurisdiction and in Favor of Remand to State Court . . . . . . 4

          B.    Defendants Have Not Established Diversity Jurisdiction . . . . . . . . . 5

          C.    Defendants' Fraudulent Joinder Argument Is Without Merit . . . . . 5

          D.    Defendants' Removal Is Improperly Based on the Merits of the Case, as Such, It Must Be Rejected . . . . . . . . . . . . . . . . . . . . . . . . 7

          E.    This Case Is Improperly Removed Because Defendants Failed to Obtain the Consent of California Defendants . . . . . . . . . . . . . . . . 10

    V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**                                   **PAGE NO.**

**CASES**

*Aguilar v. Atlantic Richfield, Co.*
    25 Cal.4th 826 (2001) .................................................. 9

*AIDS Counseling and Testing Centers v. Group W Television, Inc.*
    (4[th]Cir.1990) 903 F.2d 1000 ...................................... 6

*Alderman v. Pitney Bowes Management Services*
    (N.D. Cal. 2002) 191 F.Supp.2d 1113 ......................... 5

*Balcorta v. Twentieth-Century Fox Film Corp.*
    (9th Cir. 2000) 208 F.3d 1102 ................................... 11

*Boyer v. Snap-On Tools Corp.*
    (3rd Cir. 1990) 913 F.2d 108 ....................................... 8

*Braco v. MCI Worldcom Communication, Inc.*
    (C.D.Cal. 2001) 138 F. Supp. 2d 1260 ...................... 11

*Breuer v. Jim's Concrete of Brevard, Inc.*
    (2003) 538 U.S. 691 ..................................................... 4

*Calvillo-Silva v. Home Grocery*
    (1998) 19 Cal.4th 714 .................................................. 9

*Cantor v. Anderson*
    (1981) 126 Cal.App.3d 124 ......................................... 9

*Carden v. Arkoma Associates*
    (1990) 494 U.S. 185 ..................................................... 5

*Caterpillar Inc. v. Lewis*
    (1996) 519 U.S. 61 ....................................................... 5

*Diaz v. Allstate Ins. Group*
    (C.D.Cal. 1998) 185 F.R.D. 581 .................................. 5

*Filla v. Norfolk Southern Ry. Co.*
    (8th Cir., 2003) 336 F.3d 806 ..................................... 8

*Gaus v. Miles, Inc.*
    (9th Cir. 1992) 980 F.2d 564 ................................... 4, 5

*Green v. Amerada Hess Corp.*
    (YEAR??) 707 F2d 201 ............................................... 8

*Hudson v. Craft*
    (1949) 33 Cal.2 654 ..................................................... 9

*Kindt v. Kauffman*
    (1976) 57 Cal.App.3d 845 ........................................... 9

# TABLE OF AUTHORITIES

PAGE NO.

**CASES (CONT.)**

*Lieberman v. Meshkin, Mazandarani*
    (N.D.Cal. Dec. 11, 1996) 1996 WL 732506 at *2 .......................... 5

*Macey v. Allstate Property and Cas. Ins. Co.*
    (N.D. Cal. 2002) 220 F.Supp.2d 1116 ................................... 5

*McCabe v. General Foods*
    (9th Cir. 1987) 811 F2d 1336 ......................................... 7

*Moore v. Permanente Med. Group, Inc.*
    (9th Cir. 1992) 981 F.2d 443 ........................................ 11

*Rains v. Criterion Systems, Inc.*
    (9th Cir. 1996) 80 F.3d 339 .......................................... 4

*Ritchey v. Upjohn Drug Co.*
    (9th Cir.1998) 139 F.3d 1313 ....................................... 6-8

*Sacramento Metropolitan Air Quality Mgmt. Dist. v. United States*
    (9th Cir. 2000) 215 F.3d 1005 ........................................ 4

*Sayadoff v. Warda*
    (1954) 125 Cal.App.2d ................................................ 8

*Shamrock Oil & Gas Corp. v. Sheets*
    (1941) 313 U.S. 100 .................................................. 4

*Strawbridge v. Curtiss*
    (1806) 3 Cranch 267, 2 L.Ed. 435 ..................................... 5

*Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*
    (N.D. Cal. 1997) 987 F.Supp. 1186 .................................... 4

*Tri-Q, Inc. v. Sta-Hi Corp.*
    (1965) 63 Cal.2d 199 ................................................. 9

*United Computer Sys., v. AT&T Corp.*
    (9th Cir. 2002) 298 F.3d 756 ........................................ 10

# TABLE OF AUTHORITIES

PAGE NO.

**STATUES**

28 U.S.C. § 1332(a) .................................................. 2, 5

28 U.S.C. § 1441 ...................................................... 1

28 U.S.C. § 1447 ...................................................... 1

28 U.S.C. § 1447(c) ............................................... 10, 11

Bus. & Prof. Code, § 25602 ............................................ 9

Bus. & Prof. Code § 17200 ............................................. 9

Code of Civ. Proc. § 335.1 ............................................ 7

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on September 21, 2007, at 9:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Jeremy Fogel of the United States District Court, Northern District of California, 280 South 1st Street San Jose, California, Plaintiffs Joseph Easley and Mary Easley will and hereby do move the Court for an order remanding this action to the Superior Court of the State of California, County of Monterey, where the action was originally filed.

This motion for remand is brought pursuant to 28 U.S.C. §§ 1441 and 1447 and supporting case law. The grounds of Plaintiffs' motion are that Defendants have failed to establish that there is diversity jurisdiction, namely that every Plaintiff is of diverse citizenship from every Defendant.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities which follows, the accompanying declaration of Niki B. Okcu, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

## RELIEF SOUGHT

Plaintiffs seek remand of this matter in its entirety to the Superior Court for the State of California in and for the County of Monterey where it was originally filed.

Dated: July 12, 2007

**COTCHETT, PITRE & McCARTHY**

By: _____/s/_____

NIKI B. OKCU
Attorneys for Plaintiff Joseph and Mary Easley

---

NOTICE OF MOTION FOR REMAND AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. C 07-03507 JF                                                                                           1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Joseph and Mary Easley ("Plaintiffs") filed this action on May 31, 2007, in the Superior Court of the State of California, County of Monterey. The Complaint alleges **purely state law claims** arising out of the wrongful death of their daughter Kasey Jo Easley against 3M Company ("3M"), Walmart Stores, Inc. ("Walmart"), Michael Domingos, Christopher Boggs and Matthew York for strict products liability and negligence. On July 5, 2007, Defendants 3M and Walmart (collectively "Defendants") removed this action to the United States District Court for the Northern District of California, San Jose Division, contending that this Court has diversity jurisdiction. However, Defendants have failed to meet their burden of showing that diversity jurisdiction applies.

Diversity jurisdiction exists only when there is complete diversity of citizenship between the plaintiff(s) and the defendant(s) <u>and</u> the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Every plaintiff must be of diverse citizenship from every defendant. If one defendant and one plaintiff are co-citizens of the same state, there is no diversity jurisdiction. Here, **Plaintiffs and three of the Defendants, Michael Domingos, Christopher Boggs and Matthew York are co-citizens of the same state, California.** And, Matthew York already answered the Complaint. Accordingly, Defendants have failed to meet their burden of showing that diversity jurisdiction applies, because it does not. Therefore, this Court lacks subject matter jurisdiction, and the case should be remanded to Monterey Superior Court where it was originally filed.

### II. ALLEGATIONS IN THE COMPLAINT

This is a wrongful death action arising out of the tragic death of Plaintiffs' daughter Kasey Jo Easley ("Kasey"). The Complaint alleges that on the evening of November 23, 2006, Kasey was invited to the home of Defendants Michael Domingos and Christopher Boggs. (Complaint ¶¶[1] 2, 3, 59.) Domingos who had a prior history of unlawful misconduct

---

[1] All paragraph references are to the Complaint unless otherwise noted.

with minors and for providing drugs to teenagers, ran a household where he and Boggs furnished, supplied and/or distributed alcohol and illicit drugs to underage teens and young adults such as Kasey. (*Id.*, ¶¶ 2, 3, 88, 100.) Defendants Domingos and Boggs also encouraged and promoted inhalant abuse and provided an environment where they enabled teens and young adults to engage in a practice called dusting. This practice involves inhaling compressed gas from aerosol cans like computer dusting products. (*Id.*, ¶¶ 2, 3, 33, 62, 88, 100.) Kasey was lured and seduced by Defendants Domingos, Boggs and York to their home for the purpose of engaging in dusting. Because of their wrongful conduct, Kasey was seduced into inhaling toxic substances contained in a product called 3M Dust Remover, which is manufactured by 3M and sold by Walmart. (*Id.*, ¶¶ 2, 3, 4, 11, 13, 62, 88, 100.) Furthermore, Defendants Domingos, Boggs and York encouraged Kasey to use a hot tub while she was under the influence of difluorathane – a toxic substance contained in 3M Dust Remover – enticed her to keep consuming this product while she was highly impaired and then left her unattended in a hot tub in that condition. As a result, Kasey drowned and died two days later. (*Id.*, ¶¶ 2, 3, 62-63, 88-90, 100.)

The Complaint further alleges that Defendants 3M and Walmart were aware that 3M Dust Remover was commonly and dangerously abused by teenagers, but that despite this knowledge, Defendants failed to utilize a feasible alternative formulation to deter consumption of the product as an inhalant. (Complaint ¶¶ 2, 65-70, 75-82, 84-86, 98-99.) As a result of Defendants' combined wrongful conduct, Kasey sustained serious injuries resulting in her death. (*Id.*)

Based on these factual allegations, the Complaint alleges purely state law claims for strict product liability for design defect and for failure to warn, and negligence claims against Defendants 3M and Walmart. Furthermore, the Complaint alleges negligence claims against Michael Domingos, Christopher Boggs and Matthew York. The Complaint also seeks punitive damages based on a survival claim on behalf of the Estate of Kasey Jo Easley against all Defendants.

///

Defendants' sole basis for removal is diversity jurisdiction. All three individual Defendants, Michael Domingos, Christopher Boggs and Matthew York are California residents, who were personally served before Defendants 3M and Walmart. *See* Declaration of Niki B. Okcu ("Okcu Decl."), Exhibits A-E. Furthermore, Defendant Matthew York already answered the Complaint, a copy of which was served on Defendants prior to the time they filed their Notice of Removal. See Defendants' Notice of Removal Exhibit 2. Consequently, Defendants' purported basis for removal lacks any merit.

## III.   LEGAL ARGUMENT

### A.   The Federal Removal Statutes Are Strictly Construed Against Federal Jurisdiction and in Favor of Remand to State Court

Federal courts are courts of limited jurisdiction, and parties who remove cases from state to federal court bear the burden of showing that jurisdiction is proper in a federal court. *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188 (N.D. Cal. 1997) (remanding for failure to establish asserted diversity jurisdiction). It is well established that this is a heavy burden.

Removal jurisdiction is tightly circumscribed, and the removal statute is strictly construed against removal. *See, e.g., Sacramento Metropolitan Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1010-1014 (9th Cir. 2000); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941), superseded by statute on other grounds as stated in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) ("[d]ue regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"). Indeed, federal courts are obligated to consider whether they have jurisdiction even in the absence of a remand motion, and even if the parties stipulate to federal jurisdiction. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).

The Ninth Circuit applies "'a strong presumption' against removal jurisdiction." *Gaus*, 980 F.2d at 566 (citation omitted). Any doubts as to jurisdiction are resolved in favor

of remand, since lack of federal jurisdiction would make litigating the disputed matter in federal court a futile effort. *Id.*

In this case, Defendants cannot overcome the strong presumption against removal jurisdiction. Therefore, this action must be remanded to the Superior Court in Monterey County.

### B. Defendants Have Not Established Diversity Jurisdiction

Diversity jurisdiction exists only when there is complete diversity of citizenship between the plaintiff(s) and the defendant(s) <u>and</u> the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). Defendants have failed to establish that there is complete diversity between the parties because as noted above, three of the Defendants are citizens of California. Consequently, Defendants have not established diversity jurisdiction, and as such, remand is required.

### C. Defendants' Fraudulent Joinder Argument Is Without Merit

As a matter of general principle, courts employ a presumption against fraudulent joinder. *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506 at *2 (N.D.Cal. Dec. 11, 1996); *Alderman v. Pitney Bowes Management Services*, 191 F.Supp.2d 1113, 1116 (N.D. Cal. 2002).

> This presumption is often expressed by a series of requirements placed upon the moving party. First, defendants who assert fraudulent joinder carry a heavy burden of persuasion. [D]efendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. Second, it must appear to a near certainty that joinder was fraudulent. Third, merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so. Finally, in resolving the issue, the court must further resolve all ambiguities in state law in favor of the plaintiffs.

*Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D.Cal. 1998) (internal citations and quotations omitted); *see also Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117-1118 (N.D. Cal. 2002). Here, Defendants have not shown, and under California

law cannot show, that Plaintiffs have no possibility of stating a viable claim against the California Defendants.

On the contrary, Plaintiffs have a viable negligence claim against the individual California Defendants. Plaintiffs have alleged that Defendants Domingos, Boggs and York lured and enticed Kasey to their home for the purpose of engaging in dusting and they encouraged her to inhale the substances contained in 3M Dust Remover once she arrived at the house. The Complaint further alleges that Domingos, Boggs and York encouraged Kasey to use a hot tub while she was under the influence of difluorathane and enticed her to keep consuming this product while highly impaired. The Complaint further alleges that Boggs, Domingos and York left Kasey in a highly impaired condition alone in the hot tub, causing her to sustain serious injuries, resulting in her death. (*See* Complaint ¶ 2, 3, 4, 11, 13, 62, 88, 100 .) Plaintiffs' allegations track the basic elements of a negligence action under California law and there is reasonable basis for finding liability against California Defendants.

In support of their fraudulent joinder argument, Defendants rely on a string of cases. However, the authorities Defendants rely upon are easily distinguishable from the present action, and do not support its removal. In *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000 (4th Cir.1990), the plaintiffs sought leave to amend their complaint in order to join a nondiverse defendant after removal. *Id.* at 1003. The district court denied the motion, believing that the plaintiffs "sought to amend their complaint solely to defeat diversity and to deprive the court of jurisdiction." *Id.* Based on the facts presented, the Court found that it was not an abuse of discretion to decline permission to amend to add the nondiverse defendant after the case had been removed. Here, Plaintiffs are not seeking to add nondiverse defendants after removal, as such, this case is not applicable here.

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir.1998) involved an individual who, while taking the drug Halcion, was convicted of several criminal offenses. The plaintiff claimed that defendant Upjohn was responsible because it suppressed information about the side effects of Halcion. He also accused his doctor and Stanford Health Services of conspiring with Upjohn to conceal the negative information they had about the drug. *Id.* at

1314-15. The defendants removed the case to federal court and the district court denied plaintiff's motion to remand and granted summary judgment for the defendants. Ninth Circuit affirmed.

> "We recognize that it is, perhaps, slightly peculiar to speak of Dr. Dement and Stanford as sham defendants because the statute of limitations bars a claim against them, when that would seem to lead to an argument that Upjohn itself is a sham defendant because the statute of limitations has also run against it. Nevertheless, the fact is that Ritchey did not state a cause of action against anyone, and his failure to state that cause of action against Dr. Dement and Stanford demonstrates beyond peradventure that they were sham defendants for purposes of removal.

*Id.* at 1320. *Ritchey* is not persuasive. There is no statute of limitations issue here. Plaintiffs have timely filed suit against all of the Defendants, including the California Defendants.[2]

Finally, *McCabe v. General Foods*, 811 F2d 1336, 1339 (9th Cir. 1987) is also distinguishable from the underlying case. In *McCabe,* the Ninth Circuit found fraudulent joinder where a supervisor defendant acted as an agent of the company when he terminated the plaintiff. The Court found that he "agency" relationship in *McCabe* was patently obvious, and that there was no feasible way that the supervisor who fired the plaintiff could have been acting in his own interests. Thus, the joinder was determined to be fraudulent and for the sole purpose of defeating diversity jurisdiction. *McCabe* also involved a completely different set of facts and claims than the ones involved here. The employment/agency relationship which was patently obvious and formed the basis of the Court's ruling does not exist in this case. Therefore, *McCabe* does not help Defendants.

Accordingly, Defendants have failed to overcome the heavy burden of proving fraudulent joinder. Consequently, they have failed to establish complete diversity of citizenship showing necessary to justify removal on diversity grounds.

D. **Defendants' Removal Is Improperly Based on the Merits of the Case, as Such, It Must Be Rejected**

Defendants' removal is improperly based on substantive factual issues that go beyond the jurisdictional matters and requires a decision on the merits. Defendants' arguments must

---

[2] The statute of limitations for wrongful death actions in California is two years. Code of Civ. Proc. § 335.1. (Kasey Jo Easley passed away on November 25, 2006.)

be summarily rejected. In determining whether a defendant's joinder is "fraudulent," courts may consider the allegations of the complaint and facts presented by defendant on its notice of removal. *See Ritchey v. Upjohn, supra,* 189 F.3d 1313. However, the court may not step from the threshold jurisdictional issue into a decision on the merits. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 122 (3rd Cir. 1990) (reversing district court's order denying remand); **"District courts must not 'pretry' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent . . . The only issue that the court should address is that of its own jurisdiction."** *Green v. Amerada Hess Corp.* 707 F2.d 201, 204 (5th Cir. 1983). (Emphasis added.) *See Filla v. Norfolk Southern Ry. Co.* 336 F.3d 806, 811 (8th Cir. 2003) ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.")

The issue in this case is whether state law *might* impose liability on the California Defendants under the facts alleged. Defendants claim that because decedent and California Defendants were all voluntarily engaging in unlawful conduct, and because decedent was injured as a result of this conduct, Plaintiffs are barred from recovering any damages from the co-participants of the alleged unlawful act. **However, this very argument underscores the validity of Plaintiffs' position, as its determination undoubtedly requires a resolution on the merits**. Whether Kasey was in a position to give consent and whether she was comparatively negligent, *i.e.,* she sustained injuries as a result of her actions as opposed to the negligent conduct of California Defendants who encouraged and enticed her to use 3M Dust Remover and then left her unattended and unsupervised in a highly impaired condition in a hot tub goes beyond the jurisdictional issues and requires a resolution of the merits of the case. This Court cannot pretry substantive factual issues in order to determine a jurisdictional issue. Therefore, this basis for removal must be rejected.

Defendants rely on a number of authorities to support their position. These authorities are factually and legally distinct from the issues that are involved in this case. For instance, in *Sayadoff v. Warda*, 125 Cal.App.2d (1954), plaintiff had an abortion after having engaged in a relationship with the defendant and suffered certain complications which resulted in

sterility and other personal injuries. She brought and action against the defendant and sought damages for conspiracy to commit assault and battery. Abortion was illegal at this time and the Court affirmed the granting of nonsuit. *Kindt v. Kauffman*, 57 Cal.App.3d 845 (1976), which has been overruled, involved a bar owner who was sued for damages by a customer who alleged a violation of Bus. & Prof. Code, § 25602. The plaintiff customer claimed that he had been allowed to buy alcoholic beverages at the bar when he was obviously intoxicated, resulting in subsequent injuries to him in a car collision. The third case cited by Defendants, *Tri-Q, Inc. v. Sta-Hi Corp.*, 63 Cal.2d 199 (1965), involved an action for violation California Bus & Prof. Code § 17200 to enjoin the acts and conducts of a defendant corporation who allegedly sold its products less than the cost for the purpose of injuring competitors and destroying competition. Unlike the foregoing cases, this case does not involve a Plaintiff who is seeking to recover damages resulting from an abortion procedure, or for injuries resulting from a car collision from drunk driving or for violation of California Bus & Prof. Code § 17200 relating to a business dispute.

Furthermore, to the extent Defendants use these cases to support the general proposition that one who participates in an unlawful act cannot recover damages resulting from that act, Defendants ignore a significant body of case law that holds otherwise. *See e.g., Calvillo-Silva v. Home Grocery*, 19 Cal.4th 714 (1998), disapproved on other grounds in *Aguilar v. Atlantic Richfield, Co.* 25 Cal.4th 826 (2001) (liability may be imposed against a property owner for injuries inflicted upon one who committed a criminal act on his premises); *Hudson v. Craft*, 33 Cal.2 654 (1949) (an 18 year old boxer who entered an unregulated and unlicenced prize fight in violation of the law was injured in the fight, the promoter held liable for the boxer's injuries). *See also Cantor v. Anderson*, 126 Cal.App.3d 124 (1981) (liability may be found for furnishing of liquor to a person unable to voluntarily resist its consumption). Resolving all factual and legal issues in favor of Plaintiffs, Defendants cannot show that Plaintiffs cannot succeed on their claims against California Defendants without a substantive inquiry into the merits of the case. Therefore, this case must be remanded.

### E. This Case Is Improperly Removed Because Defendants Failed to Obtain the Consent of California Defendants

This case is improperly before this Court because Defendants 3M and Walmart failed to obtain the consent of California Defendants. In cases involving multiple defendants, all defendants must consent to removal within the required thirty day period. *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900); *Ely Valley Mines, Inc., v. Hartford*, 644 F.2d 1310, 1314 (9th Cir.1981). Here, all California Defendants were served before Defendants 3M and Walmart. (See Okcu Decl., Exhibits A-E) Proofs of service were filed with the Court prior to the service upon Defendants 3M and Walmart (*Id.*, Exhibits A-E.) Furthermore, Defendant Matthew York answered the Complaint prior to the removal of this action. (*Id.*, Exhibit F) Thus, the name and contact information of at least one of the California Defendants was readily available to 3M and Walmart. Defendants of course at any time could have contacted Plaintiffs' counsel to obtain information regarding the other two. Defendants 3M and Walmart's unilateral declaration that they were not required to obtain the consent of California Defendants because they are fraudulently joined does not comply with long settled precedent that all defendants must join in the removal petition. This is especially true when the case Defendants rely upon to support their position has absolutely nothing to do with the facts and issues involved in this case. *See United Computer Sys., v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (Administrator for arbitration association was fraudulently joined because the claims against the administrator were frivolously predicated on software licensing and development agreement to which administrator was not party and for breach of which administrator could not be held liable under state law.) Consequently, this case was improperly removed because Defendants failed to obtain the consent of California Defendants.

### IV. DEFENDANTS MUST PAY PLAINTIFFS' COSTS AND EXPENSES FOR IMPROPERLY REMOVING THE STATE COURT ACTION

Where a court grants a motion for remand, it may order the defendants to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . ." 28 U.S.C. § 1447(c). Such a fee award represents reimbursement to

Plaintiffs for unnecessary litigation costs incurred as a result of Defendants' improper removal. *Braco v. MCI Worldcom Communication, Inc.* 138 F. Supp. 2d 1260, 1271 (C.D.Cal. 2001). Awarding fees under section 1447(c) does not require a showing that the removal was frivolous or vexatious or lacked an objectively reasonable basis as required for sanctions on other theories. *See, e.g. Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445-448 (9th Cir. 1992) (showing of bad faith is not required for award of attorneys' fees under § 1447(c)). Indeed, an award of attorneys' fees is permitted for improper removal when removal, though "fairly supportable," was wrong as a matter of law. *Balcorta v. Twentieth-Century Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

In this case, Defendants improperly removed this action from the Superior Court for the County of Monterey. The authorities Defendants have relied upon provide no support for removal. Furthermore, Defendants removal was also improper as they failed to obtain the consent of California Defendants. Because this Court lacks jurisdiction over the action brought in State Court, Defendants' removal of the State Court Action to this Court was improper as a matter of law. As a result of Defendants' improper removal, at the time of this filing, Plaintiffs have expended $2,000.00 in attorney's fees in preparing this memorandum, and expect to expend additional fees and costs in the amount of 1,250.00 in preparing a reply memorandum and attending a hearing in this matter. *See* Okcu Decl., ¶ 8. Defendants should be required to reimburse Plaintiffs for these expenses. *See* 28 U.S.C. § 1447(c); *Balcorta*, 208 F.3d at 1106 n.6.

V. **CONCLUSION**

Since, as discussed above, this case does not confer diversity jurisdiction on this Court, Plaintiffs respectfully request that the Court remand this action to the Superior Court of the State of California in and for the County of Monterey where it was properly filed.

///

///

///

1  Plaintiffs further requests that this Court award costs and expenses including attorneys' fees
2  against the Defendants for improperly removing this state court action to federal court.

Dated: July 12, 2007                               **COTCHETT, PITRE & McCARTHY**

                                                   By: _____/s/_____
                                                              NIKI B. OKCU
                                                   Attorneys for Plaintiff Joseph and Mary Easley