FRANK M. PITRE (#100077)
NIKI B. OKCU (#229345)
Nokcu@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

ALAN F. HUNTER (#099805)
Hunter@gclitigation.com
**GAVIN & CUNNINGHAM**
1530 The Alameda, Suite 210
San Jose, California 95126
Telephone: (408) 294-8500
Facsimile: (408) 294-8596

*Attorneys for Plaintiffs Joseph Easley and Mary Easley*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH EASLEY and MARY EASLEY as the surviving parents and lawful heirs of KASEY JO EASLEY, deceased; The Estate of KASEY JO EASLEY, through Decedent's Administrator, JOSEPH EASLEY<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY; WALMART STORES, INC.; MICHAEL DOMINGOS; CHRISTOPHER BOGGS, MATTHEW YORK and DOES 1 through 100,<br><br>Defendants. | **CASE NO. C 07-03507 JF**<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND TO STATE COURT**<br><br>Date:  September 21, 2007<br>Time:  9:00 a.m.<br>Courtroom:  3<br>Honorable Jeremy Fogel |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND TO STATE COURT – CASE NO. C 07-03507 JF**

# TABLE OF CONTENTS

**PAGE NO.**

I.      INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     FACTS OBSCURED BY DEFENDANTS' OPPOSITION PAPERS . . . . . . . . . . 2

III.    LEGAL ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      Defendants Ignore Applicable Legal Standards  . . . . . . . . . . . . . . . . . . . . . 2

        B.      Diversity Jurisdiction Does Not Exist  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        C.      Defendants Have Failed to Show that There is Absolutely No Possibility
                That Plaintiffs Will Be Able to Prove a Cause of Action Against California
                Defendants In State Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        D.      Defendants' Removal Is Improperly Based On Questions of Fact That
                Affect the Issues of Substantive Liability In This Case  . . . . . . . . . . . . . . . 5

        E.      Defendants' Removal of This Case to Federal Court Without Obtaining the
                Consent of California Defendants Was Improper  . . . . . . . . . . . . . . . . . . . . . 6

IV.     PLAINTIFFS ARE ENTITLED TO ATTORNEY'S FEES AND COSTS . . . . . . 7

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1

# TABLE OF AUTHORITIES

PAGE NO.

2

## CASES

3

*Aguilar v. Atlantic Richfield, Co.*
    25 Cal.4th 826 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4

5

*Alderman v. Pitney Bowes Management Services*
    191 F.Supp.2d 1113 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

6

*Boyer v. Snap-On Tools Corp.*
    913 F.2d 108 (3rd Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7

8

*Calvillo-Silva v. Home Grocery*
    19 Cal.4th 714 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9

*Cantor v. Anderson*
    126 Cal.App.3d 124 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10

11

*Carden v. Arkoma Associates*
    (1990) 494 U.S. 185 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

12

*Caterpillar Inc. v. Lewis*
    (1996) 519 U.S. 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13

14

*Chicago, Rock Island, & Pac. Ry. Co. v. Martin*
    178 U.S. 245 (1900) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

*Diaz v. Allstate Ins. Group*
    185 F.R.D. 581 (C.D.Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16

17

*Ely Valley Mines, Inc., v. Hartford*
    644 F.2d 1310 (9th Cir.1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18

*Emrich v. Touch Ross. & Co.*
    846 F.2d 1190 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

19

20

*Filla v. Norfolk Southern Ry. Co.*
    336 F.3d 806 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21

*Gaus v. Miles, Inc.*
    980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

22

23

*Green v. Amerada Hess Corp.*
    707 F2.d 201 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

24

*Hudson v. Craft*
    33 Cal.2 654 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

25

26

*Kindt v. Kauffman*
    57 Cal.App.3d 845 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

27

*Kokkonen v. Guardian Life Ins. Co.*
    511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28

*Macey v. Allstate Property and Cas. Ins. Co.*
  220 F.Supp.2d 1116 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Moore v. Permanente Medical Group*
  981 F.2d 443 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Morris v. Bridgestone/Firestone*
  985 F.2d 238 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Phillips v. Allstate Ins. Co.*
  702 F. Supp. 1466 (C.D. Cal. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Rodriguez v. Hall Ambulance*
  Slip Copy 2007 WL 470624 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sayadoff v. Warda*
  125 Cal.App.2d (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shamrock Oil & Gas Corp. v. Sheets*
  313 U.S. 100 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Stock West Inc. v. Confederated Tribes*
  873 F.2d 1221 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tri-Q, Inc. v. Sta-Hi Corp.*
  63 Cal.2d 199 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATUES**
28 U.S.C. § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I. **INTRODUCTION**

This is a wrongful death action, asserting purely state law claims against three individual California Defendants and two out of state entity Defendants, which Plaintiffs seek to have remanded to the state court where it originated.[1]  In opposing remand, Defendants 3M Company and Walmart Stores, Inc. (collectively "Defendants") have failed to carry their **heavy** burden of overcoming the strong presumption against removal.  They have been unable to show that the Complaint confers diversity jurisdiction.

The only basis presented by Defendants for removal is the claim that California Defendants were fraudulently joined.  Particularly, Defendants claim that Plaintiffs cannot state a cause of action against California Defendants because Kasey Jo Easley ("Kasey") died as a result of participating in an unlawful conduct and that the law precludes participants of an unlawful activity from suing one another.  Since this is the only basis for federal jurisdiction presented, Defendants necessarily attempt to obscure critical issues.

Contrary to what Defendants would like this Court to believe and as set forth below in more detail, California law does not provide an absolute bar for a participant of an alleged unlawful activity from suing her co-participants.  Furthermore, Defendants ignore the fact that Plaintiffs' claims against the California Defendants are predicated in part on premises-liability based negligence claims that derive from the fact that California Defendants allowed Kasey to use a hot tub while impaired and, therefore, caused Kasey to sustain serious injuries resulting in her death.  This allegation **alone** defeats Defendants' contention that there is no possibility that Plaintiff can succeed on their claims against California Defendants.

Consequently, Defendants cannot establish that California Defendants were improperly joined or that Court has diversity jurisdiction over this matter.  This case should be remanded to the California court where it was initially filed.

///

---

[1] Specifically, the Complaint alleges claims against California Defendants Michael Domingos, Christopher Boggs and Matthew York and against 3M Company and Walmart Stores, Inc. (collectively "Defendants"), for strict products liability and negligence.

1 **II.    FACTS OBSCURED BY DEFENDANTS' OPPOSITION PAPERS**

2      Defendants erroneously insist that the only issue that must be considered by this Court
3 is whether California law permits participants engaged in unlawful conduct to sue one
4 another for the consequences of that unlawful act. *See* Defendants' Opposition pg. 2. The
5 Court's inquiry here is not simply limited to this point. Plaintiffs have presented a number
6 grounds in support of remand in their Opening Brief, including the following: this Court
7 lacks jurisdiction over this matter because diversity jurisdiction does not exist; Defendants
8 have failed to establish that California Defendants were fraudulently joined; and Defendants'
9 failure to obtain the consent of California Defendants renders removal improper.

10      Moreover, in their opposition, Defendants completely ignore the fact that Plaintiffs'
11 claims against the California Defendants include premises-liability based negligence claims
12 arising out of their conduct of causing Kasey to use a hot tub while impaired and thus
13 creating the likelihood of the harm Kasey suffered – i.e., drowning. Complaint ¶ ¶¶ 2, 3, 62-
14 63, 88-90, 100. The mere use of a hot tub is not illegal. Moreover, the mere fact that one
15 person allows another person to use a hot tub while impaired does not mean that both persons
16 are engaged in the same illegal act necessary to defeat injury claims running between the two
17 persons. The act of leaving Kasey alone in the hot tub without protection against the serious
18 likelihood of harm and danger provides sufficient basis to state a claim of negligence against
19 California Defendants.

20 **III.    LEGAL ARGUMENT**

21      **A.    Defendants Ignore Applicable Legal Standards**

22      Conspicuous by its absence, Defendants fail to address and apply the appropriate legal
23 standards that guide this Court's jurisdictional analysis, including the following rules that are
24 particularly applicable to this case.

25      The removal statutes are construed restrictively, and doubts as to jurisdiction are
26 resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*,
27 313 U.S. 100, 109 (1941). Defendants (as the removing party) bear the burden of proving
28 the propriety of removal. The court, in effect, presumes lack of jurisdiction unless the

1  removing party can prove otherwise. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,

2  377 (1994); *Stock West Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989); *see*

3  *also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (the removal statute is to be

4  strictly construed, and the removing party bears the burden of showing that the amount in

5  controversy exceeds $75,000).

6  The rule of "strict construction" has special force in alleged diversity actions. *Phillips*

7  *v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1468 (C.D. Cal. 1989). Here, Defendants have failed

8  to overcome the heavy burden required to establish that there is complete diversity between

9  the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Defendants have also not

10  borne their burden of establishing that California Defendants were joined fraudulent.

11  **B.  Diversity Jurisdiction Does Not Exist**

12  Defendants have failed to meet their burden of establishing that there is complete

13  diversity between the parties because three of the Defendants are citizens of California. 28

14  U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Carden v. Arkoma*

15  *Associates*, 494 U.S. 185 (1990). In an attempt to obscure facts, Defendants imply that

16  Plaintiffs are not contesting that diversity jurisdiction exist, but only argue a procedural

17  defect i.e., that removal was improper because the California Defendants did not consent to

18  removal. *See* Defendants' Opposition pg. 2. Nothing could be further from the truth.

19  Plaintiffs have never conceded that diversity jurisdiction exists, in fact, the central argument

20  presented by Plaintiffs in their opening was **that there is no diversity jurisdiction**. *See*

21  Plaintiffs' Opening Brief pgs. 1, 2, 4 and 10.

22  **C.  Defendants Have Failed to Show that There is Absolutely No Possibility**
    **That Plaintiffs Will Be Able to Prove a Cause of Action Against**
23  **California Defendants In State Court**

24  Defendants concede that there is a general presumption against fraudulent joinder.

25  See Defendants' Opposition pg. 3. *Alderman v. Pitney Bowes Management Services*, 191

26  F.Supp.2d 1113, 1116 (N.D. Cal. 2002). Defendants also concede that to establish fraudulent

27  joinder, Defendants have to make a showing that **there is absolutely no possibility** that

28  Plaintiffs could state a cause of action against Defendants. *Id.; Diaz v. Allstate Ins. Group,*

185 F.R.D. 581, 586 (C.D.Cal. 1998) (internal citations and quotations omitted) (emphasis added) ; *see also Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117-1118 (N.D. Cal. 2002). Defendants cannot meet this requirement.

Notwithstanding Defendants' contrary reading of the Complaint, Plaintiffs have a viable negligence cause of action against California Defendants. The allegations are that Defendants 3M and Walmart's failure to provide adequate warning regarding the lethal consequences of misuse of 3M Dust Remover combined with the conduct of individual California Defendants who encouraged Kasey to use a hot tub while she was under the influence of difluorathane and left her in a highly impaired condition alone in the hot tub, caused her to sustain serious injuries, resulting in her death. *See* Complaint ¶ 2, 3, 4, 11, 13, 62, 88, 100. There is no allegation in the Complaint that Kasey's death was the result of consensual act. Instead, the allegations follow the basic elements of a negligence action under California law and there is reasonable basis for finding liability against California Defendants.

Defendants rely on three cases to support their position. *Sayadoff v. Warda*, 125 Cal.App.2d (1954); *Kindt v. Kauffman*, 57 Cal.App.3d 845 (1976); *Tri-Q, Inc. v. Sta-Hi Corp.,* 63 Cal.2d 199 (1965). However, as set forth in more detail in Plaintiffs' Opening Brief, these cases are factually and legally distinct from the issues that are involved in this case. Moreover, there are a number of authorities that does not support Defendants' position. *See e.g., Calvillo-Silva v. Home Grocery*, 19 Cal.4th 714 (1998), disapproved on other grounds in *Aguilar v. Atlantic Richfield, Co.* 25 Cal.4th 826 (2001) (liability may be imposed against a property owner for injuries inflicted upon one who committed a criminal act on his premises); *Hudson v. Craft*, 33 Cal.2 654 (1949) (an 18 year old boxer who entered an unregulated and unlicensed prize fight in violation of the law was injured in the fight, the promoter held liable for the boxer's injuries). *See also Cantor v. Anderson,* 126 Cal.App.3d 124 (1981) (liability may be found for furnishing of liquor to a person unable to voluntarily resist its consumption).

Based on all the foregoing, Defendants cannot show that there is no possibility that Plaintiffs will succeed on their negligence claim against California Defendants in state court. Therefore, this case must be remanded.

**D.    Defendants' Removal Is Improperly Based On Questions of Fact That Affect the Issues of Substantive Liability In This Case**

In making a determination as to the existence of subject matter jurisdiction, the Court must not inquire into questions of fact affecting the ultimate issues of substantive liability in the case. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 122 (3rd Cir. 1990) **"District courts must not 'pretry' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent . . . The only issue that the court should address is that of its own jurisdiction."** *Green v. Amerada Hess Corp.,* 707 F2.d 201, 204 (5th Cir. 1983). (Emphasis added.) *See Filla v. Norfolk Southern Ry. Co.,* 336 F.3d 806, 811 (8th Cir. 2003).

Defendants maintain that: (1) Kasey was killed while participating in a consensual and illegal act with the California-Defendants; and (2) California law provides no civil remedy in favor of one co-participants who engage in unlawful activity. However, determination as to whether Plaintiffs in this case can ultimately state a claim against California Defendants requires a determination on the issues of substantive liability. In order for this Court to engage in such determination, this Court undoubtedly has to find that conduct the Kasey in fact engaged in illegal conduct, that Kasey was in a position to give consent and provided consent to inhaling the 3M Dust Remover throughout that evening, and/or that she was comparatively negligent. In addition, the Court would have to find that Plaintiffs' premises-liability based negligence claims, i.e., California Defendants' conduct of allowing Kasey to use a hot tub while impaired have no merit whatsoever. These factual and legal considerations clearly require this Court to make decisions regarding the ultimate issues of substantive liability. Defendants' contention that there are "no issues regarding the duties or negligence of the decedent and the California Defendants" is simply not true. Therefore, removal must be rejected on this basis.

1

2

### E.    Defendants' Removal of This Case to Federal Court Without Obtaining the Consent of California Defendants Was Improper

3

4

5

6

7

8

9

The requirement that Defendants obtain the consent of California Defendants before removal is not simply a mere technicality that is inconsequential to this Court's analysis. Well settled law, including a Supreme Court precedent, states that in cases involving multiple defendants, all defendants must consent to removal within the required thirty day period. *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900); *Ely Valley Mines, Inc., v. Hartford*, 644 F.2d 1310, 1314 (9th Cir.1981). Defendants rely on *Emrich v. Touch Ross. & Co.*, 846 F.2d 1190, 1193, n. 1 (1988), however, this case in fact supports Plaintiffs'

10

11

12

13

14

position. In *Emrich* the Court held that all defendants who are **properly joined and served** in an action must **join in the petition for removal**, except for nominal, unknown or fraudulently joined parties. *Id.* The court found that the record was unclear as to whether the defendants were served or otherwise subject to the jurisdiction of the state court, and on remand, directed the district court to determine what defendants were properly served and to permit amendment of the removal petition to name all proper defendants. *Id.*

15

16

17

18

19

20

21

22

23

Here all California Defendants were properly served with the Complaint before Defendants 3M and Walmart. (*See* Declaration of Niki B. Okcu ("Okcu Decl.") Exhibits A-E, submitted in support of Plaintiffs' Opening Brief.) Proofs of service were filed with the Court prior to the service upon Defendants 3M and Walmart   (*Id.,* Exhibits A-E.) Furthermore, Defendant Matthew York answered the Complaint prior to the removal of this action. (*Id.,* Exhibit F)   As such, California Defendants' consent was necessary before removal. Defendants 3M and Walmart's unilateral and self-serving determination that they were not required to obtain the consent of California Defendants because they are fraudulently joined does not comply with well established precedent.

24

25

26

27

28

*Rodriguez v. Hall Ambulance,* Slip Copy, 2007 WL 470624 (E.D. Cal. 2007), also does not help Defendants.   In that case, the Court found that because certain defendants were not fraudulently joined and failure to obtain the consent of those defendants rendered the removal of the case to federal court improper. *Id.* at p. 9. The rest of authorities cited by

1    Defendants are out of circuit authorities and are not persuasive to this Court's analysis.

2    Consequently, remand to state court is proper on this basis.

3    **IV.    PLAINTIFFS ARE ENTITLED TO ATTORNEY'S FEES AND COSTS**

4        A district court may award attorney's fees and costs incurred as a result of removal

5    in its order remanding a case to state court. 28 U.S.C. 1447(c).  Awarding fees and costs to

6    the remanding party is within the broad discretion of the District Court; and is warranted

7    when removal is improper, **even if there is no bad faith**. *Morris v. Bridgestone/Firestone*,

8    985 F.2d 238, 239 (9th Cir. 1993) (emphasis added); *Moore v. Permanente Medical Group*,

9    981 F.2d 443, 446 (9th Cir. 1992).

10       As Plaintiffs have established, removal was improper because there no basis to

11   remove the action upon. Defendants' contention that they had objectively reasonable basis

12   for removing this case to federal court is unavailing.  There is no ground for removing this

13   case on the basis of diversity jurisdiction or on any other basis.  Plaintiffs have expended

14   substantial time and resources remanding the case to state court and the record shows that

15   Defendants' removal was meritless.  Plaintiffs, therefore, respectfully request an award of

16   their fees and costs resulting from removal.

17   **V.    CONCLUSION**

18       For all the foregoing reasons, Plaintiffs request that the Court order this action

19   remanded to the Superior Court of the State of California, County of Monterey.

20   Dated: September 7, 2007                **COTCHETT, PITRE & McCARTHY**

21

22                                          By: _____/s/_____

23                                                  NIKI B. OKCU
                                            Attorneys for Plaintiff Joseph and Mary Easley

24

25

26

27

28

# PROOF OF SERVICE

I am employed in the County of San Mateo; I am over the age of 18 years and not a party to the within cause. My business address is the Law Offices of Cotchett, Pitre & McCarthy, San Francisco Airport Office Center, 840 Malcolm Road, Suite 200, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND TO STATE COURT

__X__  **BY MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Following that practice, I placed a true copy of the aforementioned document(s) in a sealed envelope, addressed to each addressee, respectively, as specified below. The envelope was placed in the mail at my business address, with postage thereon fully prepaid, for deposit with the United States Postal Service on that same day in the ordinary course of business.

### [SEE ATTACHED SERVICE LIST]

_____  **BY FACSIMILE:** I am readily familiar with this firm's practice for causing documents to be served by facsimile. Following that practice, I caused the aforementioned document(s) to be transmitted to the telephone number(s) of the addressee(s) specified below.

_____  **BY OVERNIGHT COURIER SERVICE**: I am readily familiar with this firm's practice for causing documents to be served by overnight courier. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below.

_____  **BY HAND DELIVERY:** I am readily familiar with this firm's practice for causing documents to be served by hand delivery. Following that practice, I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Burlingame, California, on September 7, 2007.

_____
/s/
JENNIFER WANG

## SERVICE LIST

1

2 **VIA U.S. MAIL**                                    **Defendant**
Matthew A. York
3 1187 San Miguel Canyon Road
Salinas, CA 93908

4 **VIA U.S. MAIL**                                    **Defendant**
5 Christopher D. Boggs
1199 Pacific Highway, #2302
6 San Diego, CA 92101

7 **VIA U.S. MAIL**                                    **Attorney for Defendant**
Anthony F. Pinelli                                   **Michael Domingos**
8 **WILLIAMS PINELLI & CULLEN**
110 North Third Street
9 San Jose, CA 95112
Tel: (408) 288-3868
10 Fax: (408) 288-3860

11 **VIA ECF – ELECTRONIC SERVICE**                   **Attorneys for Defendant**
P. Gerhardt Zacher                                   **3M Company**
12 Mordecai D. Boone
Carrie A. Lubinski
13 **GORDON & REES**
275 Battery Street, Suite 2000
14 San Francisco, CA 94111
Tel: (415) 986-5900
15 Fax: (415) 986-8054

16 **VIA ECF – ELECTRONIC SERVICE**                   **Attorneys for Defendant**
Robert K. Phillips                                   **Wal-Mart Stores, Inc.**
17 Erin J. Illman
**PHILLIPS, SPALLAS & ANGSTADT**
18 650 California Street, 10th Floor
San Francisco, CA 94108
19 Tel: (415) 278-9400
Fax: (415) 278-9411

20 **VIA ECF – ELECTRONIC SERVICE**                   **Co-Counsel, Attorneys for Plaintiffs**
Alan F. Hunter
21 **GAVIN & CUNNINGHAM**
1530 The Alameda, Suite 210
22 San Jose, CA 95126
Tel: (408) 294-8500
23 Fax: (408) 294-8596

24

25

26

27

28

PROOF OF SERVICE; CASE NO. C 07-03507 JF

9