P. GERHARDT ZACHER (SBN: 043184)
MORDECAI D. BOONE (SBN: 196811)
CARRIE A. LUBINSKI (SBN: 174006)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
3M COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EASLEY and MARY EASLEY as the surviving parents and lawful heirs of KASEY JO EASLEY, deceased; The Estate of KASEY JO EASLEY, through Decedent's Administrator, JOSEPH EASLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> 3M COMPANY; WALMART STORES, INC.; MICHAEL DOMINGOS; CHRISTOPHER BOGGS, MATTHEW YORK and DOES 1 through 100, <br><br> Defendants. | CASE NO. C 07-03507 JF <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

The parties file this Joint Case Management Statement pursuant to Civil Local Rule 16-9 and the "Standing Order For All Judges Of The Northern District of California—Contents of Joint Case Management Statement."

1. <u>Jurisdiction and Service</u>: Defendants 3M Company and Wal-Mart Stores, Inc. ("Defendants") removed this action from state court on the basis that the named non-diverse defendants were fraudulently joined. Plaintiffs' Motion for Remand is currently pending before the Court. If Plaintiffs' Motion for Remand is denied, Defendants believe that no issues exist regarding personal jurisdiction.[1]

---

[1] For purposes of the remainder of the Joint Case Management Statement, it is assumed that Plaintiffs' Motion for Remand will be denied.

1    Plaintiffs believe that should this action remain in federal court, jurisdictional issues
2 remain concerning the California Defendants.  Plaintiffs' position is that absent adjudication on
3 the merits, the California Defendants are part of this case, and claims against them will need to
4 proceed whether in state or federal court.  Plaintiffs also believe that until the Court rules on
5 Plaintiffs' Motion for Remand, the California Defendants remain a party to this case and should
6 be permitted to take part in this process, including the preparation and filing of this Case
7 Management Statement.  Venue is proper.  No parties remain to be served.
8    2.    Facts:
9    A. Plaintiffs' Facts:  Plaintiffs Joseph and Mary Easley ("Plaintiffs") filed this action on
10 May 31, 2007, in the Superior Court of the State of California, County of Monterey.  The
11 Complaint alleges claims arising out of the wrongful death of their daughter Kasey Jo Easley
12 against 3M Company ("3M"), Walmart Stores, Inc. ("Walmart"), Michael Domingos,
13 Christopher Boggs, and Matthew York for strict products liability and negligence.  On July 5,
14 2007, Defendants 3M and Walmart removed this action to the United States District Court for
15 the Northern District of California, San Jose Division, contending that individual California
16 individual Defendants, who are residents of California, were joined fraudulently, and therefore,
17 this Court has diversity jurisdiction.
18    In the Complaint, Plaintiffs allege that on the evening of November 23, 2006, Kasey was
19 invited to the home of Defendants Michael Domingos and Christopher Boggs.  Domingos, who
20 had a prior history of unlawful misconduct with minors and for providing drugs to teenagers, ran
21 a household where he and Boggs furnished, supplied, and/or distributed alcohol and illicit drugs
22 to underage teens and young adults.  Defendants Domingos and Boggs also encouraged and
23 promoted inhalant abuse and provided an environment where they enabled teens and young
24 adults to engage in a practice called dusting.  This practice involves inhaling compressed gas
25 from aerosol cans like computer dusting products.  Kasey was lured and seduced by Defendants
26 Domingos, Boggs and York to their home for the purpose of engaging in dusting.  Because of
27 their wrongful conduct, Kasey was seduced into inhaling toxic substances contained in a product
28 called 3M Dust Remover, which is manufactured by 3M and sold by Walmart.  Furthermore,

Defendants Domingos, Boggs and York encouraged Kasey to use a hot tub while she was under the influence of difluorathane—a toxic substance contained in 3M Dust Remover—enticed her to keep consuming this product while she was highly impaired and then left her unattended in a hot tub in that condition. As a result, Kasey sustained serious injuries while in the hot tub and died two days later.

It is further alleged that Defendants 3M and Walmart were aware that 3M Dust Remover was commonly and dangerously abused by teenagers, but that despite this knowledge, Defendants 3M and Walmart failed to utilize a feasible alternative formulation to deter consumption of the product as an inhalant.

B. Defendants' Facts: Plaintiffs filed this wrongful death/survival complaint on May 31, 2007, in Monterey Superior Court against Defendants. Defendants timely removed this case on July 5, 2007. Plaintiffs allege that the decedent, Kasey Jo Easley, who was an adult, died as a result of drowning in a hot tub after intentionally inhaling 3M Dust Remover for the purpose of becoming intoxicated in violation of California law. According to the Plaintiffs' Complaint, Ms. Easley had voluntarily inhaled dust remover products on previous occasions to become intoxicated and had voluntarily purchased the 3M Dust Remover for her and the California Defendants on the occasion which resulted in her death. There are no allegations that Ms. Easley acted involuntarily or against her will at any time during the course of the evening. Indeed, Plaintiffs allege that Ms. Easley had voluntarily committed unlawful inhalant abuse previously with the California Defendants.

3M Dust Remover is a compressed air product, which comes in a can, and is designed to remove dust from computer and electronic equipment. 3M Dust Remover is a lawfully sold product under the laws of California. There are no allegations that Defendants 3M and Wal-Mart acted unlawfully in any manner in the marketing and selling of 3M Dust Remover. Further, there are no allegations that 3M Dust Remover is unsafe when used for the purpose for which it is designed. In addition, the cans of 3M Dust Remover have a bold, explicit warning advising users that "intentional misuse by deliberately concentrating and inhaling contents may be harmful or fatal."

      Plaintiffs allege that Defendants are responsible for Ms. Easley's death and personal injuries because 3M Dust Remover did not provide an adequate warning and did not contain a bittering agent to prevent unlawful inhalant abuse. Plaintiffs' theories of liability are negligence, strict liability (design defect), and strict liability (inadequate warnings). Defendants dispute that they were negligent, that 3M Dust Remover was defectively designed, and that the provided warnings were inadequate.

      The factual issues relate to these theories of liability, the affirmative defenses pled by Defendants, and the nature and extent of Plaintiffs' claimed damages, including punitive damages, as alleged in the complaint.

3.    <u>Legal Issues</u>:

A. Plaintiffs' Statement: Plaintiffs allege that Defendants 3M and Walmart are liable to Plaintiffs based on claims for strict product liability design defect, strict product liability failure to warn, and negligence. Plaintiffs also claim that individual Defendants, Michael Domingos, Christopher Boggs, and Matthew York are liable based on claims for negligence. Plaintiffs also have a survival claim on behalf of the Estate of Kasey Jo Easley against all Defendants.

B. Defendants' Statement: Defendants identify the following legal issues: Whether Defendants had any legal duty to prevent decedent from intentionally abusing a lawful product in an unlawful manner. Whether Defendants had any legal duty to design their product in a manner to prevent unlawful, intentional abuse. Whether the existing warnings on 3M Dust Remover were legally adequate. Whether Defendants' alleged conduct proximately caused decedent's death and personal injuries. Whether Plaintiffs are legally entitled to punitive damages.

4.    <u>Motions</u>:

A. Plaintiffs' Statement: Plaintiffs possibly anticipate filing discovery motions, a motion for summary judgment and motions in limine.

B. Defendant' Statement: Defendants anticipate filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The subjects of the motion will include the above delineated legal issues, as well as any factual issues appropriate for summary judgment and/or additional legal issues revealed in discovery.

5.     <u>Amendment of Pleadings</u>:

A.  Plaintiffs' Statement: Plaintiffs do not anticipate filing any motions to add parties, claims or amend the pleadings at this point. Plaintiffs propose April 1, 2008, as a deadline for amending the pleadings.

B.  Defendant' Statement: Defendants do not anticipate filing any motions to add parties, add claims, or amend pleadings. Defendants propose the following deadline for amending the pleadings: December 1, 2007.

6.     <u>Evidence Preservation</u>: The Defendants have been advised by their counsel to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of E-mails and other electronically-recorded material ("ERM"). Defendant 3M Company has advised Plaintiffs' counsel of the significant steps it has taken to preserve its ERM relevant to this case and of the few types of ERM that are not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Defendants have requested Plaintiffs to preserve electronic information created by, or on behalf of, the decedent, as well as any computer or electronic hardware of decedent's used to create such information.

7.     <u>Disclosures</u>: Both parties agree to serve an Initial Disclosure Statement required by Rule 26(a) of the Federal Rules of Civil Procedure by November 16, 2007.

8.     <u>Discovery</u>: In Paragraph 17, the parties submit individually proposed discovery plans pursuant to Fed. R. Civ. P. 26(f).

Plaintiffs' Statement: Plaintiffs believe that individual Defendants, Matthew York, Christopher Boggs, and Michael Domingos, as well as Christopher Boggs' mother, Barbara Haas, may have information regarding the underlying incident leading to Kasey Jo Easley's death. Plaintiffs also believe that there were a number of law enforcement, emergency and hospital personnel who responded to the scene of the incident and treated Kasey, and that these individuals may have information relevant to this case. Finally, Plaintiffs also believe that a number of Walmart and 3M employees and/or executives may have information regarding the

manufacture, sale and/or distribution of the 3M Dust Remover, and that these individuals will have information regarding the claims alleged by Plaintiffs against 3M and Walmart. Based on the foregoing, Plaintiffs, like Defendants, respectfully request that the Court permit Plaintiffs to conduct 20 percipient witness depositions in this matter.

Defendants' Statement: There has been no discovery to date. The Complaint lists two named Plaintiffs, as well as three individuals who were at the scene of the decedent's death. It is believed that several law enforcement personnel and emergency responders were also at the scene of decedent's death. Further, it is anticipated that several of decedent's colleagues and acquaintances will have relevant information concerning the alleged nature of her death by intentionally inhaling 3M Dust Remover, as well as her past behavior in that regard as the complaint alleges the decedent had engaged in this behavior on prior occasions. Defendants therefore anticipate that more than ten percipient witness depositions will be needed and request that the Court permit 20 percipient witness depositions in this matter. Defendants submit the dates below in Paragraph 17 as part of the proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiffs seek relief for claims for strict product liability for design defect and for failure to warn as well as for negligence against Defendants 3M and Walmart. Furthermore, Plaintiffs seek relief for their negligence claims against Michael Domingos, Christopher Boggs and Matthew York. Plaintiffs also seek punitive damages based on a survival claim on behalf of the Estate of Kasey Jo Easley against all Defendants.

Plaintiffs also believe that should this action remain in federal Court, claims against the California Defendants will still need to proceed and that absent adjudication on the merits, those Defendants remain a party to the case.

12. <u>Settlement and ADR</u>: The parties have agreed to engage in private mediation to attempt to resolve this matter no later than March 20, 2008. The Court has signed off on this agreement.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Defendants have already opposed and continue to oppose having a magistrate judge conduct any further proceedings including trial and entry of judgment.

14. <u>Other References</u>: The case is not currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The parties do not believe they can narrow the issues presented at this time. However, both sides remain open to the possibility of doing so at a later time.

16. <u>Expedited Schedule</u>: This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: To cover the next phase of this litigation, the parties individually submit the following proposed scheduling order:

|  | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| Last day to add new claims/parties: | April 1, 2008 | December 1, 2007 |
| Non-expert discovery cutoff: | August 6, 2008 | April 30, 2008 |
| Non-expert discovery motion cut-off: | September 6, 2008 | May 30, 2008 |
| Plaintiffs' Expert witness disclosure and exchange of expert reports: | June 1, 2008 | June 2, 2008 |
| Defendants' Expert witness disclosure and exchange of expert reports: | July 1, 2008 | August 4, 2008 |
| Rebuttal witness disclosure and exchange of rebuttal expert reports: | August 1, 2008 | September 1, 2008 |
| Expert witness discovery cutoff: | August 15, 2008 | November 30, 2008 |
| Law and motion cutoff: | August 6, 2008 | January 31, 2009 |
| Final Pre-Trial Conference: | September 30, 2008 | February 15, 2009 |
| Trial: | October 6, 2008 | March 2, 2009 |

18. <u>Trial</u>: The case will be tried to a jury. Plaintiffs expect the trial to last 15 days. Defendants expect the trial to last approximately 12 days.

\\\

1    19.    Disclosure of Non-Party Interested Entities or Persons: Defendants have filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Defendant 3M Company identified 3M India Limited. Defendant Wal-Mart Stores, Inc., identified Wal-Mart de Mexico S.A. de C.V. and The Seiyu Ltd.

Dated: October 16, 2007                    COTCHETT, PITRE & M^CCARTHY


By:    /s/ Niki Okcu
       Frank M. Pitre
       Niki Okcu
       Attorneys for Plaintiffs

Dated: October 16, 2007                    GORDON & REES LLP


By:    /s/ Carrie A. Lubinski
       P. Gerhardt Zacher
       Mordecai D. Boone
       Carrie A. Lubinski
       Attorneys for Defendant 3M COMPANY

Dated: October 16, 2007                    PHILLIPS, SPALLAS & ANGSTADT LLP


By:    /s/ Erin J. Illman
       Robert K. Phillips
       Erin J. Illman
       Attorneys for Defendant WAL-MART STORES, INC.