\*\*E-Filed 10/29/2007\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH EASLEY and MARY EASLEY as the surviving parents and lawful heirs of KASEY JO EASLEY, deceased; The Estate of KASEY JO EASLEY, through Decadent's Administrator, JOSEPH EASLEY,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY; WALMART STORES INC.; MICHAEL DOMINGOS; CHRISTOPHER BOGGS, MATTHEW YORK and DOES 1 through 100,<br><br>Defendants. | Case Number C 07-03507<br><br>ORDER[1] GRANTING PLAINTIFFS' MOTION FOR REMAND<br><br>[re: docket nos. 10, 14, 15] |

## I. BACKGROUND

The complaint in the instant action was filed originally in the Monterey Superior Court on May 31, 2007. Plaintiffs who are the parents, heirs and representatives of estate of Kasey Jo Easley ("Kasey"), allege claims against 3M Company and Walmart Stores ("Moving

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-03507
ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
(JFLC1)

Defendants"), and Michael Domingos, Christopher Boggs and Matthew York ("non-diverse Defendants") in connection with Kasey's death on November 23, 2006. The complaint alleges these three claims against the Moving Defendants: (1) strict liability design defect; (2) strict liability failure to warn; and (3) negligence.  Two claims for relief are alleged against the non-diverse Defendants: negligence; and a survival cause of action and request for punitive damages. All of the claims are brought pursuant to California law. Plaintiffs allege the following in support of their claims against the non-diverse defendants: On November 23, 2006, Kasey was invited by all of the non-diverse Defendants to a home owned by Domingos and inhabited by Boggs. Complaint at ¶¶ 3, 15, 16. York contacted Kasey on her way to the Domingos/Boggs residence and requested that Kasey purchase four cans of 3M Dust Remover, a product he and Boggs had instructed Kasey to purchase in the past. *Id*. at ¶¶ 58, 59. After Kasey and each of the non-diverse Defendants had inhaled the 3M Dust Remover, Boggs, Domingos and York "enticed Kasey to use the hot tub . . . in her fragile condition, all while encouraging her to keep inhaling the 3M Dust Remover" and subsequently left Kasey alone in the hot tub, where she drowned. *Id*. at 62-63.

On July 5, 2007, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1447 asserting that the non-diverse Defendants had been fraudulently joined. Plaintiffs opposed oppose removal and now move for remand. The Court heard oral argument on September 21, 2007.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the plaintiff initially could have filed the action in federal court. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge*, 861 F.2d at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III.  DISCUSSION

1.  **Fraudulent Joinder**

Moving Defendants object to Plaintiffs' motion for remand on the basis that Plaintiffs fraudulently have joined non-diverse defendants for the purpose of defeating this court's diversity jurisdiction over the matter. "Under the Ninth Circuit rule, where a plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according the settled rules of the state, the joinder of a non-diverse defendant is deemed fraudulent, and the non-diverse defendant's presence in the lawsuit is ignored for the purposes of determining diversity." *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp.2d 1151, 1155 (N.D. Cal. 2003). "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials Inc. v. Dow Chem. Corp.*, No. 05-55976, 2007 WL 2080179 at *1 (9th Cir. July 23, 2007).

In evaluating claims of fraudulent joinder "[t]he Fourth, Fifth, Ninth and Tenth Circuits have adopted the 'pierce the pleadings' approach, as have some courts in the First, Second, Sixth, Seventh and Eighth Circuits." 19A Federal Practice & Procedure Jurisdiction & Related Matters Code Revision, Pt. III Reptr. N. C. By this approach, "[i]n deciding a fraudulent joinder claims, the Court may . . . consider summary judgment type evidence such as affidavits and deposition testimony." *Thompson v. Medtronic, Inc.*, No. 2:06 CV 00675, 2006 WL 3544937 at *2 (D. Nev. Dec. 8, 2006). However,"[t]he legitimacy of removal must be decided on evidence available at the time of removal and not on possible future evidence that may be obtained through further discovery," *Kite v. Zimmer US, Inc.*, No. 2:06 CV 0745, 2006 WL 3386765 at *1 (D. Nev. Nov. 22, 2006). Ultimately, "evaluation of fraudulent joinder claims does not anticipate a judgment on the merits, but merely considers whether there is any possibility that the plaintiff might prevail." *Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F. 3d 746, 751 (5th Cir. 1996).

Thus, to evaluate properly Moving Defendants' claim that Plaintiffs have fraudulently joined Domingos, Boggs and York, this Court must pierce the pleadings and decide whether on

the face of the removed complaint there is *any possibility* that Plaintiffs could prevail against these individuals**.**

### a. Contributory Negligence Does Not Bar Plaintiffs' Claim

Defendants argue that Plaintiffs' claim against the non-diverse Defendants is not viable because under California law participants in unlawful behavior cannot sue other participants for the consequences of that unlawful behavior. To put this argument another way, Defendants argue that Plaintiffs cannot bring a negligence claim on behalf of Kasey against the non-diverse Defendants because Kasey herself acted negligently by violating the law and willingly engaging in "dusting." This essentially is a contributory negligence argument. Because California no longer has an all-or-nothing contributory negligence rule, Defendants' argument is unpersuasive.

In 1975 the Supreme Court of California decided the landmark case *Li v. Yellow Cab*, 13 Cal.3d 804 (Cal. 1975)**.** At issue in *Li* was "whether we should judicially declare no longer applicable in California courts the doctrine of contributory negligence, which bars all recovery when the plaintiff's negligent conduct has contributed as a legal cause in any degree to the harm suffered by him, and hold that it might give way to a system of comparative negligence, which assesses liability in direct proportion to fault." *Id.* at 808. The *Li* Court held that contributory negligence should be replaced by "the so called pure form of comparative negligence, [which] apportions liability in direct proportion to fault in all cases." *Id.* at 827. "Under that system plaintiff's contributory negligence, even if it exceeds the amount of the comparative fault of the defendant, reduces but does not prevent his recovery." *Sagadin v. Ripper*, 175 Cal. App.3d 1141, 1167 (Cal. Ct. App. 3 Dist. 1985).

Defendants cite only one case decided after *Li* to support the argument that Kasey's violation of the California Health and Safety Code (prohibiting the use of difluorathane) bars any recovery by the survivors for the negligence of the non-diverse Defendants. However, in that case, *Kindt v. Kauffman*, 57 Cal. App. 3d 845 (Cal. Ct. App. 3d Dist. 1976), the Court noted explicitly that, because the case was tried prior to *Li*, the change in law established by *Li* did not apply. No case decided subsequent to *Li* establishes the absolute bar asserted by Defendants.

4

### b. Plaintiffs' Negligence Claim

The elements of a claim for negligence under Civil Code § 1714 are: (1) a legal duty to exercise due care; (2) a breach of this duty; (3) a causal connection between the breach and plaintiff's resulting injury; and (5) some damages suffered by the plaintiff. *Ahern v. Dillenback*, 1 Cal. App. 4th 36 (Cal. Ct. App. 4 Dist. 1991). Having examined the allegations in the complaint, the Court concludes that there is at least some possibility that Plaintiffs may succeed in a claim of negligence against the non-diverse Defendants. Consequently, Plaintiffs' joinder of the non-diverse Defendants cannot be characterized as a fraudulent joinder.

The most difficult question with respect to Plaintiff's negligence claim is whether allegations support a finding that the non-diverse Defendants breached a duty of care owed to Kasey. Plaintiffs argue that allegations are sufficient to meet the pleading requirement:

> Plaintiffs have alleged that Defendants Domingos, Boggs and York lured and enticed Kasey to their home for the purpose of engaging in dusting and they encouraged her to inhale the substances contained in 3M Dust Remover once she arrived at the house. The complaint further alleges that Domingos, Boggs and York encouraged Kasey to use a hot tub while she was under the influence of difluorathane and enticed her to keep consuming this product while highly impacted. The Complaint further alleges that Boggs, Domingos and York left Kasey in a highly impaired condition alone in the hot tub, causing her to sustain serious injuries resulting in her death. Plaintiff's allegations track the basic elements of a negligence claim for finding liability against California Defendants.

Plaintiffs' Motion for Remand to State Court at 6. The question is whether a court might find that "luring and enticing" Kasey to engage in "dusting," encouraging her to enter the hot tub and leaving her there alone in an altered state constitutes a breach of a duty owed to Kasey by the non-diverse Defendants.

The first step in analyzing Plaintiff's claim is to define the duty. "In general, an individual owes to others a duty of ordinary or reasonable care, care which persons of ordinary prudence would use in order to avoid injury to themselves or others under circumstances similar to those shown by the evidence." *USAIR Inc. v. United States Dep't. of Navy*, 14 F.3d 1410, 1412 (9th Cir. 1994). At least arguably, encouraging Kasey to engage in "dusting" and allowing her to remain unsupervised in the hot tub is inconsistent with the ordinary and reasonable care one would take to avoid injury to others. *See Hansen v. Richey*, 237 Cal. App.2d 475 (Cal. Ct.

Case 5:07-cv-03507-JF    Document 27    Filed 10/29/2007    Page 6 of 8

App. 3d Dist. 1965) (holding that homeowners who hosted a party where 19-year-old accidentally drowned in a half-empty pool that had been blocked off to guests by homeowners had breached a duty of care).

Additionally, Boggs and Domingos arguably breached a duty of care they owed to Kasey as a social guest in their home. The current standard of care owed to social guests was announced in *Rowland v. Christian*, 443 P.2d 561 (Cal. 1969):

> [T]he basic policy of this state set forth by the Legislature in section 1714 of the Civil Code is that everyone is responsible for an injury caused to another by his want of ordinary care or skill in the management of his property. . . . The proper test to be applied to the liability of the possessor of land in accordance with section 1714 of the Civil Code is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others . . . .

*Id.* at 568. A trier of fact could find that, by encouraging Kasey to enter their hot tub and allowing her to remain there unsupervised, Defendants breached their duty to manage their property in a reasonable manner with a view to the probability of injury.

Applying the liberal standard applicable to claims of fraudulent joinder, the Court concludes that, because it is probable that one of their theories of negligence may succeed, Plaintiffs' joinder of the non-diverse Defendants is proper. Accordingly, because there is no diversity an there is no other basis for federal jurisdiction the motion for remand will be granted.[2]

2. **Attorneys' Fees and Costs**

28 U.S.C. § 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Although the ordering of payment of costs is discretionary under 144 (c), costs generally are awarded where the nonremovability of the action is obvious." *Tralmer v. Galaxy Airlines, Inc.*, 611 F. Supp. 633, 635 (D. Nev. 1985); *see also Valdes v. Wal-Mart Stores, Inc*, 199 F.3d 290, 292 (5th Cir. 2000) ("[T]he clear language of the statute makes such an award discretionary."). For instance, fees have been awarded where the motion for removal was found to be frivolous,

---

[2] The Court also notes that under 28 U.S.C. § 1441(a) defendants seeking removal must obtain the consent of all other defendants except for those who are nominal, unknown or fraudulently joined. *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998). In this case, Moving Defendants concede that the non-diverse Defendants did not provide consent.

6

Case No. C 07-03507
ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
(JFLC1)

1  *see, e.g., Lewis v. Travelers Ins. Co.*, 749 F. Supp. 556 (S.D.N.Y. 1990), obviously improper, *see, e.g., Olson v. Olson*, 580 F. Supp. 1569 (N.D. Ind. 1984), or taken in bad faith. *Zimmerman v. Conrail*, 550 F. Supp. 84 (S.D.N.Y. 1982).

The Ninth Circuit has explained that generally, "[a]bsent unusual circumstances attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). The present case does not involve unusual circumstances. The record does not indicate that Defendants' motion was frivolous, obviously improper or made in bad faith. Therefore, the motion for attorneys' fees is denied.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's motion for remand is GRANTED. The Clerk should close the file.

DATED: October 29, 2007.

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

3  Alan F. Hunter         hunter@gclitigation.com

4  Frank Mario Pitre      fpitre@cpmlegal.com

5  Niki B. Okcu   nokcu@cpmlegal.com

6  Carrie Ann Lubinski    clubinski@gordonrees.com

7  Paul Gerhardt Zacher, Jr.    pzacher@gordonrees.com

8  Mordecai D. Boone      mboone@gordonrees.com

9  Erin Jan Illman        eillman@pslaw.net

10 Robert Kirk Phillips   Rphillips@psflaw.net

11 Gregory Louis Spallas  gspllas@pslaw.net

8

Case No. C 07-03507
ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND
(JFLC1)